IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

<table>
<tr><td>BENITEC AUSTRALIA LTD.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No. 04-174-JJF</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>NUCLEONICS, INC.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant.</td><td>)</td><td></td></tr>
</table>

**PLAINTIFF'S OPPOSITION TO NUCLEONIC'S MOTION TO COMPEL AND MEMORANDUM OF LAW IN SUPPORT OF ITS CROSS-MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C), <u>D. DEL. LR 30.2 AND THE COURT'S DECEMBER 10, 2004 ORDER</u>**

> John W. Shaw (No. 3362)
> Kevin M. Baird (No. 4219)
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, Delaware  19801
> (302) 571-6600
> kbaird@ycst.com
>
> *Attorneys for Plaintiff Benitec Australia Ltd.*

Of Counsel:

Marc R. Labgold, Ph.D.
Kevin M. Bell
Scott A.M. Chambers. Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia  22102
(703) 744-8000

DATED:  March 14, 2005

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................ ii

I.      INTRODUCTION ............................................................................................... 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

III.    SUMMARY OF ARGUMENT ............................................................................ 2

IV.     STATEMENT OF FACTS .................................................................................. 3

        A.      Nucleonics' Discovery Requests and Motion to Compel are Untimely
                Pursuant to the Court's December 10, 2004 Order. ................................ 3

        B.      Nucleonics' Rule 30(b)(6) Deposition Notice Consists Entirely of
                Discovery Requests Nucleonics Failed to Raise Before the Close of
                Discovery. ................................................................................................. 5

        C.      Because the Named Deponents Must Travel From Australia, and Because
                One of Them is in Poor Health, It Is Imperative That Counsel Cooperate to
                Schedule the Noticed Depositions. .......................................................... 6

V.      ARGUMENT ....................................................................................................... 7

        A.      A Protective Order Staying or Precluding the Requested Personal
                Depositions Unless and Until the Court Orders Otherwise is Required to
                Avoid Undue Burden and Expense. .......................................................... 7

        B.      Even if the Court Does Deem the Requested Deposition Discovery
                "Necessary," Nucleonics' Current Rule 30(b)(6) Notice is Invalid as it
                Presents New Discovery Requests After the Close of Discovery on
                Matters the Court May Deem Beyond the Scope of Allowed Discovery. ............... 8

        C.      While Benitec is Willing to Proceed With the Requested Personal
                Depositions, Nucleonics' Counsel Must be Required to Cooperate in Their
                Scheduling. ............................................................................................... 9

VI.     CONCLUSION .................................................................................................. 10

## TABLE OF AUTHORITIES

### CASES

*Glenmeade Trust Co. v. Thompson.*, 56 F.3d 476 (3d Cir. 1995) ......................................7

*Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217 (D.D.C. 2001)(emphasis added) ..............8

*Maloney v. Gordon*, 2004 WL 1043202 (D. Del. 2004) ....................................................7

*Miller v. Ashcroft,* 76 Fed.Appx. 457 (3d Cir. 2003) ..........................................................8

*Pearson v. Miller,* 211 F.3d 57, 72 (3d Cir. 2000) ..............................................................7

### STATUTES

Fed. R. Civ. P. 26(c) .......................................................................................................1, 6

Fed. R. Civ. P. 26(c)(1) ......................................................................................................7

Fed. R. Civ. P. 26(c)(2) ...................................................................................................7, 9

Fed. R. Civ. P. 26(c)(4) ...................................................................................................7, 9

Fed. R. Civ. P. 30(b)(6) ............................................................................................. *passim*

Fed. R. Civ. P. 37 .....................................................................................................1, 2, 5

### OTHER AUTHORITIES

D. Del. LR 7.1.1 ...........................................................................................................1, 6

D. Del. LR 16.5 .................................................................................................................5

D. Del. LR 30.2 .................................................................................................................7

Plaintiff, Benitec Australia Ltd. ("Benitec"), respectfully submits this combined Opposition to Defendant Nucleonics, Inc. ("Nucleonics") Motion to Compel and Memorandum of Law in support of its accompanying Cross-Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c), D. Del. LR 30.2 and the Court's December 10, 2004 Order.

## I.     INTRODUCTION

Nucleonics has moved to compel the depositions of Benitec's Dr. Ken Reed and Dr. Michael Graham as well as the deposition of  Benitec in accordance with Fed. R. Civ. P. 30(b)(6).  Pursuant to this Court's December 10, 2004 Order, all discovery was stayed in  this case with the exception of the exchange of certain information that was to be completed by January 28, 2005 and any motion to compel discovery pursuant to Fed. R. Civ. P. 37 was to have been brought on or before January 13, 2004. (D.I. 74, at p. 2).  On February 3, 2005, Nucleonics served a new Rule 30(b)(6) deposition notice containing seventeen new testimony topics and eighteen new document requests that never appeared in any prior Nucleonics Rule 30(b)(6) notice.  Finally, Drs. Reed and Graham are residents of Australia and Dr. Reed's ability to travel is hindered by double triple bypass surgery following a heart attack last year.  Should the Court order any of these depositions to proceed, the extreme effort required to travel to the United States for these depositions requires that counsel confer and agree in advance on specific dates and times.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case arising from Nucleonics' infringement of Benitec's U.S. Patent No. 6,573,099 B2 ("the '099 patent").[1]  By its July 14, 2004 Order, this Court set

---

[1]     Benitec and Nucleonics are the only parties remaining upon defendants Ambion, Inc. and Genscript Corporation's stipulated dismissals from the case.  (D.I. 44, D. I. 48).

October 8, 2004 as the original discovery cutoff date in this case. (D.I. 27). On December 10, 2004, this Court stayed discovery except for limited matters related to the exchange of contention interrogatories, identification of fact witnesses and production of documents due to be completed by January 28, 2005. (D.I. 74, at p. 2). That same Order required the parties to file any motions to compel pursuant to Fed. R. Civ. P. 37 by January 13, 2005. (*Id.*). On February 3, 2005, this Court held a discovery hearing during which this Court heard argument concerning Nucleonics' motion to compel discovery from two Australian governmental research agencies. (D.I. 93). Several motions remain pending before the Court, including the motions related to third party discovery of foreign entities and Nucleonics' motion to amend its answer to add additional counterclaims and affirmative defenses. (*See, e.g.,* D.I. 77, 80, 91). On February 28, 2005, Nucleonics counsel filed its Fed. R. Civ. P. 37 motion to compel the depositions of Drs. Reed and Graham and Benitec's Fed. R. Civ. P. 30(b)(6) representative(s). (D.I. 94). This brief is submitted in opposition to that motion and in support of Benitec's cross-motion for protective order filed contemporaneously herewith.

**III.    SUMMARY OF ARGUMENT**

A protective order is required in this case to preclude or stay the personal depositions of Drs. Reed and Graham and to preclude the deposition of Benitec's Fed. R. Civ. P. 30(b)(6) representative(s) because:

(1)    Nucleonics seeks discovery during a period when all discovery is expressly stayed;

(2)    Nucleonics' Fed. R. Civ. P. 30(b)(6) deposition notice makes new discovery requests which were never made before the prior discovery cutoff dates;

(3)    On motions pending before it, this Court may rule that some or all of the discovery requested in Nucleonics' deposition notices is beyond the scope of allowable discovery in this case; and

(4)    Even if the noticed depositions are ultimately allowed by this Court, Nucleonics' counsel must cooperate with Benitec's counsel in arranging the deposition dates as the deponents must travel to the United States from Australia and because one of them is in poor health.

Nucleonics' motion to compel should be denied for the foregoing reasons.

## IV.    STATEMENT OF FACTS

### A.    Nucleonics' Discovery Requests and Motion to Compel are Untimely Pursuant to the Court's December 10, 2004 Order.

The second page[2] of this Court's December 10, 2004 Order states that the Court "will *stay discovery* except for the two items addressed below. Once the permitted discovery is completed, I will schedule other necessary discovery and case dispositive motions." (D.I. 74, at p. 2)(emphasis added). The remaining items referenced in the Order are the Court's requirement that "[t]he parties shall exchange and complete contention interrogatories, identify all fact witnesses and produce all relevant documents on all issues no later than **January 28, 2005**." (*Id.* at p. 2)(emphasis in original). The Court's Order also required that "[t]he parties shall file, if necessary, Rule 37 motions and briefs by **January 13, 2005**" and provided that "[a] discovery dispute hearing will be held on Thursday, **February 3, 2005 at 10:00 a.m.** (*Id.* at p. 2)(emphasis in original). As such, unless and until the Court issues an order scheduling additional

_____

[2]    Nucleonics covertly includes only the first page of this Court's December 10, 2005 Order as an attachment to its pending motion to compel. The second page, however, contains the deadlines set by the Court and the Court's instructions regarding discovery. (D.I. 94, Ex. 6).

"necessary" discovery as contemplated in this Order, the discovery period in this case has closed and all motions to compel were to be filed on or before January 13, 2005.[3] (*Id.*)

On February 3, 2005, after the close of all discovery, Nucleonics served deposition notices for Benitec's Ken Reed, Michael Graham and Benitec's Fed. R. Civ. P. 30(b)(6) representative(s) on various topics, each of which is directed to topics/defenses not currently pled in this case.[4] After receipt of the February 3, 2005 deposition notices, Benitec's counsel advised Nucleonics' counsel that Benitec witnesses were not available on the dates unilaterally noticed and agreed in good faith to solicit available dates from Drs. Reed and Graham and coordinate those dates with Nucleonics' counsel's availability. (D.I. 94, Ex. 11, 13 and 15).

However, instead of providing his dates of availability, Nucleonics' counsel served yet another series of deposition notices on February 21, 2005 demanding Benitec witnesses' presence in the United States without first clearing the dates with counsel. (D.I. 94, Ex. 16). According to the revised deposition notices, Dr. Reed's deposition was to proceed on February 28, 2005 and the Rule 30(b)(6) deposition was to proceed on March 7, 2005. (D.I. 94, Ex. 16). No new deposition notice was served at that time for Dr. Graham. The most recent notice of Dr. Graham's deposition specified that his deposition was to proceed on February 21, 2005. (D.I. 94, Ex. 8). Two days later, Benitec's counsel advised Nucleonics' counsel that Drs. Reed and Graham were not available on the dates Nucleonics' counsel arbitrarily picked, but would likely

---

[3]    Benitec incorporates by reference, as if recited in its entirety herein, its opposition to Nucleonics' motion for leave to file a first amended answer (D.I. 95 and 96).

[4] The February 3, 2005 Rule 30(b)(6) notice and all Rule 30(b)(6) notices served thereafter identify seventeen testimony topics, all different from those listed in Nucleonics' only previous Rule 30(b)(6) notice served in November, 2004 before the discovery cutoff. Nucleonics' revised Rule 30(b)(6) notice also makes eighteen document requests where none appeared in the original notice. (Compare D.I. 94, Ex. 3 (November 2, 2004) and Ex. 9 (February 3, 2005)). The new discovery is focused on Nucleonics' new and yet unpled defense concerning an alleged improper inventorship issue. Unless and until such time the Court permits Nucleonics to amend its Answer, such discovery is not only untimely, it is also irrelevant and unduly burdensome.

be available during the period  March 7 and 18, 2005 if Nucleonics' counsel could also be available during that time.  (D.I. 94, Ex. 20).

On February 28, 2005, proclaiming Benitec's efforts as "unacceptable" and ignoring Benitec's counsel's good-faith efforts to obtain dates of availability, Nucleonics' counsel filed its Fed. R. Civ. P. 37 motion to compel the depositions of Drs. Reed and Graham and Benitec's Fed. R. Civ. P. Rule 30(b)(6) representative(s) outside any time set by the Court.[5] (D.I. 94).

### B.    Nucleonics' Rule 30(b)(6) Deposition Notice Consists Entirely of Discovery Requests Nucleonics Failed to Raise Before the Close of Discovery.

Nucleonics' revised post-discovery period Rule 30(b)(6) notices set forth seventeen previously unidentified testimony topics and eighteen new document requests, all demanding detailed information about Benitec's relationships with the Commonwealth Scientific and Industrial Research Organisation ("CSIRO") and the Queensland Department of Primary Industries ("QDPI").  As this Court is aware, Nucleonics has (1) moved to obtain discovery from CSIRO and QDPI, (2) previously moved to compel discovery from Benitec related CSIRO and QDPI and (3) moved to add affirmative defenses and counterclaims against Benitec based upon information allegedly in these entities' possession.  (D.I. 25, 26, 34, 40, 77, 78, 80 - 85, 87, 88). On February 3, 2005, the Court held a discovery hearing on some of these issues, but ruled only on one -- denying D.I. 25.  (D.I. 93, at p. 51).  Nucleonics' motion to amend its Answer to add counterclaims and affirmative defenses based on CSIRO- and QDPI-related issues was made on February 16, 2005, **after** the Court's discovery hearing.  (D.I. 91).

---

[5]    While Nucleonics' counsel and Benitec's counsel had continuing communications in an attempt to schedule the depositions Nucleonics requested, these discussions were in the nature of the parties' attempts to resolve scheduling matters and did not constitute an attempt by Nucleonics' counsel to reach agreement with Benitec's counsel pursuant to D. Del. LR 7.1.1 concerning the specific substance of Nucleonics' motion to compel.  The Statement Pursuant to Rule 7.1.1 attached to Nucleonics' motion is, therefore, false.  On this basis alone, Nucleonics' motion to compel should be denied. D. Del. 7.1.1 ("[t]he Court *will not* entertain any non-dispositive motion" not complying with D. Del. LR 7.1.1.)

At least twice prior to Nucleonics' current motion to compel, Benitec's counsel advised Nucleonics' counsel that the parties were required to wait for this Court's final ruling on the matters presented to it during the February 3, 2005 hearing before additional discovery could be allowed. (D.I. 94, Ex. 11 ("we are waiting to receive the Court's Order on what remaining discovery will be allowed on this case."); Ex. 13 ("I see no reason to burden the Court with a motion for protective order as provided for under Local Rule 30.2 staying these depositions until the Court issues a ruling.")).   Nonetheless, Nucleonics not only continued to serve deposition notices during the Court's stay, but actually filed a motion to compel such further discovery.

C.    **Because the Named Deponents Must Travel From Australia, and Because One of Them is in Poor Health, It Is Imperative That Counsel Cooperate to Schedule the Noticed Depositions.**

Drs. Reed and Graham are residents of Australia and their trips to the United States for the depositions will require nearly 24 hours of travel time each way.  Dr. Reed has health issues relating to prior double triple heart bypass surgery that long-distance air travel can complicate.  It is imperative that only one trip be required for these individuals.  To ensure this, it is therefore equally imperative that counsel first agree upon mutually available dates before scheduling these depositions if additional discovery is deemed necessary by the Court.  Nucleonics' counsel has never consulted with Benitec's counsel to determine available deposition dates prior to serving its several deposition notices unilaterally selecting dates.  Instead, Nucleonics has demanded arbitrary dates and then threatened Benitec when it could not make witnesses available on these dates.  In fact, ***after filing its Rule 37 motion to compel***, Nucleonics' counsel, Jason Lief, traveled to Delaware, obtained a court reporter, and made a lengthy statement on the record at the "noticed" deposition of Dr. Reed, marking twenty-one documents as exhibits to his statement.

6

## V.    ARGUMENT

Rule 26(c) provides that "[u]pon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Such an order may require "that the discovery not be had," "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place" and "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(1),(2) and (4).  Good cause is established when proceeding will cause a clearly defined injury.  *Glenmeade Trust Co. v. Thompson.* 56 F.3d 476 (3d Cir. 1995). "There must be a 'particular need for protection' and 'the party seeking confidentiality has the burden of showing injury with specificity.'" *Maloney v. Gordon*, 2004 WL 1043202 at *4 (D. Del. 2004) (*quoting, Pearson v. Miller,* 211 F.3d 57, 72 (3d Cir. 2000) (attached as Ex. A).

### A.    A Protective Order Staying or Precluding the Requested Personal Depositions Unless and Until the Court Orders Otherwise is Required to Avoid Undue Burden and Expense.

The basis for the relief Benitec requests is clear – Nucleonics is attempting to obtain discovery outside of the discovery period and has even moved to compel this discovery forty-six days after it could conceivably do so.  The totality of this untimely discovery is directed to a defense which, at this time, is not pled in this case and for which Nucleonics has sought leave to amend. (D.I. 91).  This Court's December 10, 2004 Order, discussed *supra*, explicitly stayed all discovery except on the limited items identified therein, namely contention interrogatories, identification of fact witnesses and production of relevant documents.   (D.I. 74, at p. 2). Personal and Fed. R. Civ. P. 30(b)(6) depositions were not among the limited discovery allowed by the Court. (*Id.*)  Even if they were, Nucleonics has sought the depositions after the Order's

January 28, 2005 discovery deadline and has failed to move to compel these depositions before the Order's January 13, 2005 deadline. (D.I. 74, at p. 2). Nucleonics' motion essentially requests yet another extension of the discovery deadline, but Nucleonics has not properly or timely raised this request to the Court. *See,* D. Del. LR 16.5 (request for extension of deadline to complete discovery shall be made by motion prior to the expiration of the deadline.). *See, e.g., Miller v. Ashcroft,* 76 Fed.Appx. 457, 461-62 (3d Cir. 2003) (not published)(denying movant's motion to compel and other discovery motions because of counsel's dilatoriness in bringing the motions and denying late-filed opposition to dispositive motion).

Ultimately, there is no purpose at this stage for either party to conduct discovery, compel discovery or extend the discovery deadline until the Court determines what, if any, discovery remains. (D.I. 74, at p. 2). If the Court deems the requested discovery "necessary," it will issue an Order scheduling it. (*Id.*). Until that time, Nucleonics is not entitled to the requested depositions and must refrain from its annoying and oppressive insistence that they go forward.

    **B.**    **Even if the Court Does Deem the Requested Deposition Discovery "Necessary," Nucleonics' Current Rule 30(b)(6) Notice is Invalid as it Presents New Discovery Requests After the Close of Discovery on Matters the Court May Deem Beyond the Scope of Allowed Discovery.**

Nucleonics' most recent Rule 30(b)(6) notice contains seventeen topics and eighteen new document requests, none of which were raised before the close of the original or extended limited discovery periods. (Compare D.I. 94, Ex. 3 (November 2, 2004) and Ex, 9 (February 3. 2005). Each of these topics and requests demand specific information about Benitec's relationships with CSIRO and QDPI. First, these Rule 30(b)(6) notices have simply been served too late and should properly be ignored. *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219-20 (D.D.C. 2001) (granting protective order against party's discovery request served "a matter of

8

days *before* the discovery deadline" and protecting the protective order movant from opposing party's "sharp practice.")(emphasis added).  Second, even if they had been timely served, these noticed topics and document requests seek *only* information concerning CSIRO and QDPI – information currently being considered by this Court. (*See, e.g.,* D.I. 77, 78, 80 - 85, 87, 88, 90, 91 - 94).  It is premature to require Benitec to provide corporate witnesses on these topics until the Court has issued rulings on the motions pending before it directly addressing these issues. Even if the discovery Nucleonics seeks is deemed "necessary," under this Court's December 10, 2004 Order, Nucleonics is not entitled to it until the Court says so.  If the Court allows the discovery, Benitec respectfully requests that any Order so stating identify which CSIRO and QDPI matters "may [and may not] be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(4).

**C.    While Benitec is Willing to Proceed With the Requested Personal Depositions, Nucleonics' Counsel Must be Required to Cooperate in Their Scheduling.**

As is evidenced by the correspondence exchanged between counsel and attached in several of the exhibits to Nucleonics' motion to compel, Benitec's counsel was not refusing to schedule the depositions of Drs. Reed and Graham. (*See, e.g.,* D.I. 94, Exs. 8, 11, 13, 15 and 20). However, as stated above, scheduling these depositions must take into consideration required travel from Australia and that Dr. Reed has significant health concerns.  If the Court allows these depositions, Benitec respectfully requests that the Court require that counsel set mutually agreed-upon dates and locations for said depositions pursuant to Fed. R. Civ. P. Rule 26(c)(2).

D. Del. LR 30.2 provides that, pending resolution of a Rule 26(c) motion, "neither the objecting party, witness, nor any attorney is required to appear at the deposition to which the motion is directed until the motion is ruled upon.  The timely filing of a motion under [Rule

26(c)] shall stay the discovery to which the motion is directed pending further order of the Court." Accordingly, Benitec will not present any deposition witnesses pending this Court's ruling upon this motion and/or a separate Order directing any remaining discovery to proceed should the Court deem it necessary. However, unless Nucleonics' counsel is willing to cooperate to arrange these depositions on mutually-convenient dates rather than demanding them on dates to which Benitec has not agreed, the parties will remain at an impasse.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff Benitec Australia Ltd. respectfully requests that Defendant Nucleonics, Inc.'s Motion to Compel be denied. Plaintiff further respectfully requests the following relief:

(1)    entry of a Protective Order precluding the personal depositions of Drs. Reed and Graham unless and until such time as this Court deems them to be "necessary" discovery pursuant to its December 10, 2004 Order (D.I. 74);

(2)    entry of a Protective Order defining the scope of discovery to which Defendant is allowed during the personal depositions of Drs. Reed and Graham (if they are allowed) with respect to Plaintiff's relationships with the Commonwealth Scientific and Industrial Research Organisation and the Queensland Department of Primary Industries;

(3)    in the event that the personal depositions of Drs. Reed and Graham are allowed, entry of a Protective Order requiring that Defendant's counsel agree upon deposition dates and times with Plaintiff's counsel before noticing said depositions; and

(4)     entry of a Protective Order precluding the Fed. R. Civ. P. 30(b)(6) deposition noticed by Defendant as seeking testimony topics and document requests that were raised neither during the original discovery period nor during the limited discovery period allowed in this Court's December 10, 2004 Order (D.I. 74).

Dated:  March 14, 2005                          Respectfully submitted,

                                                Young Conaway Stargatt & Taylor, LLP


                                                _____
                                                John W. Shaw (No. 3362)
                                                Kevin M. Baird (No. 4219)
                                                The Brandywine Building, 17th Floor
                                                1000 West Street
                                                Wilmington, Delaware  19801
                                                Telephone: (302) 571-6600
                                                Email:  kbaird@ycst.com

                                                *Attorneys for Plaintiff Benitec Australia Ltd.*

Of Counsel:

Marc R. Labgold, Ph.D.
Kevin M. Bell
Scott A.M. Chambers. Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia  22102
Telephone: (703) 744-8000

DATED:  March 14, 2005

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 14, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>       Paul E. Crawford, Esquire
>       Connolly Bove Lodge & Hutz, LLP
>       The Nemours Building
>       1007 North Orange Street
>       Wilmington, DE 19899

I further certify that on March 14, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

**BY FEDERAL EXPRESS**

>       Jason A. Lief, Esquire
>       Morgan, Lewis & Bockius LLP
>       101 Park Avenue
>       New York, NY 10178-0060

>       YOUNG CONAWAY STARGATT & TAYLOR, LLP

>       _____
>       Kevin M. Baird (No. 4219)
>       The Brandywine Building
>       1000 West Street, 17th Floor
>       Wilmington, DE 19801

>       P.O. Box 391
>       Wilmington, DE 19899-0391
>       (302) 571-6600
>       kbaird@ycst.com

>       *Attorneys for Benitec Australia Ltd.*