IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENITEC AUSTRALIA LTD., <br><br>         Plaintiff, <br><br>   v. <br><br> NUCLEONICS, INC., a Delaware corporation, <br><br>         Defendant. | Civil Action No. 04-174-JJF |

## NUCLEONICS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL REFUSED DEPOSITIONS

### I.    Introduction and Summary

This Reply Memorandum is submitted in support of defendant, Nucleonics', Motion to Compel refused and defaulted depositions ( D.I. 94 filed February 28, 2005).

There have been no depositions in this case – regarding any subject of inquiry. That is the objective reality and really all that need be said. Discovery needs to proceed. The objective record shows:

*     Defendant Nucleonics has sought to depose inventor Michael Graham and patent declarant Ken Reed since November 2, 2004. These depositions were properly noticed and re-noticed. They relate to all issues in this case.

*     No deposition has taken place -- Benitec has ignored all deposition notices and refuses to supply the noticed deponents.

*     Neither Benitec nor the noticed deponent, Ken Reed, appeared when noticed on February 28, 2005 and made no prior motion for a protective order. The Notice for Ken Reed on February 28th was the third attempt to depose that witness; those attempts began almost four months earlier on November 2, 2004.

*     Plaintiff now categorically refuses all depositions yet insists on an immediate trial.

387104

Remarkably, Benitec's Opposition Memorandum ( D.I.101) argues that the depositions of the inventor and patent declarant are irrelevant because they supposedly relate to issues not in the case. However, these depositions relate to <u>every</u> issue in the case.

Benitec's attempt to characterize these depositions as being in "totality…directed to a defense, which, at this time, is not pled in this case" (Benitec Opposition at 7) is simply incorrect. Furthermore, discovery on all issues is proper and relevance is broadly construed for discovery purposes.

Benitec also argues that discovery somehow ended on December 10, 2004. We do not read the Court's December 10th Order (D.I. 74) to end discovery or impose a stay beyond January 28, 2005 and we request clarification. The December 10th Order was precipitated by <u>Benitec's</u> discovery delays.[1] The Order did not end discovery, it "<u>extended</u>" it.

And Benitec knows that.

During the entire month of February Benitec never argued that discovery had ended. Indeed, Benitec made repeated promises – albeit none of them were kept – to provide dates for these depositions. Benitec postured as if it were cooperating for a month in what now appears to be an attempt to avoid both the depositions and a motion to compel. Now, after-the-fact, Benitec argues for the first time that: discovery is over; its witnesses are not in good health; these November 2004 noticed depositions are untimely; are irrelevant; and it is Nucleonics that should be made to cooperate.

Benitec's purpose is to thwart Nucleonics from obtaining all discovery on all issues in this case. They know that discovery will reveal and confirm the invalidity and non-infringement

---

[1] "Nucleonics correctly interprets Paragraph 3(a) of the Scheduling Order, however, Benitec has either grossly misinterpreted the paragraph or ignored it. The result is that the discovery provisions of the Scheduling Order must be extended." (D.I. 74, p. 1)

of their patent. They know that discovery will reveal the scandal surrounding their inventorship misrepresentations to the PTO. They know that discovery will reveal that patent co-owner CSIRO is an indispensable party to this suit. They are seeking a means of covering up the realities that plague their patent.

We ask that this log-jam be broken and that Benitec be given a clear instruction to move forward with discovery. This case cannot proceed to trial and cannot be resolved in the absence of discovery.

**II      Reply Argument**

> **A.      Nucleonics Has Been Denied**
> **All Depositions By Plaintiff Benitec**

To reiterate: there have been <u>no</u> depositions taken in this case at all – on any topic. Plaintiff Benitec is refusing to provide any of <u>its</u> <u>own</u> witnesses, period.

The Federal Rules of Civil Procedure contemplate broad discovery to avoid surprise at trial. <u>See</u> Fed.R.Civ.P. 26(b) ("reasonably calculated to lead to the discovery of admissible evidence"). The Supreme Court has explained that:

> The need to develop all relevant facts in the adversary
> system is both fundamental and comprehensive.

<u>United States v. Nixon</u>, 418 U.S. 683, 709 (1974). The Federal Circuit has noted that trial courts should:

> be careful not to deprive a party of discovery that is
> reasonably necessary to afford a fair opportunity to develop
> and prepare the case.

<u>Heat & Control, Inc. v. Hester Indus., Inc.</u>, 785 F.2d 1017, 1024 (Fed. Cir. 1986)

Some of the most fundamental depositions in any patent case are those of the named inventor (Michael Graham in the present case) and the signatories to patent office declarations (Ken Reed in the present case). Such deponents have information relevant to virtually every

issue in a patent case. Our experience is that such witnesses are universally the subject of deposition. And those depositions do not attempt to limit on a question-by-question basis the subject matter covered. Such a practice would inevitably deny the deposing party a proper deposition and lead to squabbles and motion practice as to whether specific questions were within or without the supposed scope of deposition.

Discovery, being fundamental, is needed in this case.

### 1.    Graham Is the Named Inventor:
### He Should Be Fully Deposed

Graham is the first named inventor of the patent-in-suit. He is an employee of party-plaintiff Benitec. He was first duly-noticed for deposition in early November 2004.

No deposition occurred. He was duly re-noticed in early February 2005 (after 100 laboratory notebooks were first produced by Benitec in January 2005).

No deposition has taken place. Benitec refuses his deposition as irrelevant, and, in the alternative, seeks a protective order whereby questions about inventorship would not be posed to the inventor.

We believe the facts speak for themselves and no additional information, argument or vitriol can change the reality that a full deposition of this inventor is a necessity to the fair adjudication of this case.

### 2.    Reed Is The Patent-Declarant:
### He Should Be Fully Deposed

Ken Reed submitted a Declaration to the U.S. Patent Office in support of the application that became the patent-in-suit in this case. Ken Reed is also the author of laboratory notebooks regarding the invention and technology at suit in this case. He was an executive at Benitec until his March 15, 2005 retirement and remains on the Board of Directors. (Benitec's counsel never informed us of Reed's impending retirement, or of his alleged poor health, until March 7, 2005

even though he was first noticed on November 2, 2004). Benitec ignored that notice. A Second

Notice for Reed was served on February 3, 2005 for deposition on February 17, 2005. This

fourteen-day lead time more than complies with Delaware District Court Local Rule 30.1 which

states:

> Unless otherwise ordered by the Court, 'reasonable notice'
> for the taking of depositions under Fed.R.Civ.P. 30(b)(1)
> shall be not less than five days.

After the fourteen day period, there was no deposition of Reed. Nucleonics agreed to

give Benitec an additional four days, till the 21st of February to simply provide a date in the

future for a deposition. No date was provided. A Third Notice was served on the 21st of

February for a deposition on the 28th (Opening Brief, Exh. 16). Again, this was more than five

days after the Third Notice and twenty-five days after the Second Notice. We made clear that

further delay was unacceptable in the absence of a date certain. (Opening Brief, Exhibits 16, 17

and 19). No firm date was given by Benitec and no motion for a protective order was made by

Benitec. A default deposition was taken on February 28, 2005 in Delaware (Exh. 1 hereto); a

Motion to Compel followed; and then, afterwards, Benitec sent a letter with dates for deposition

in Virginia (not Delaware).

By the time it was ultimately revealed that Ken Reed had health problems and was

retiring (on March 7, 2005, see Exh. 2 hereto), counsel for Nucleonics had already agreed,

despite inconvenience, to take his deposition on March 10, 2005 in Virginia (not Delaware).

(See Letters of March 3rd and 4th, Exhs. 3 and 4 hereto). Benitec refused to produce him and

has offered no alternative dates – instead arguing discovery is over and we should proceed to

trial. (Exh. 2 hereto)

Again, the facts speak for themselves. A full deposition of Ken Reed is necessary to the

fair adjudication of this case.

3.    **The Rule 30(b)(6) Deposition**
      **Relates to Ownership of the Patent:**
      **The Issue Of Indispensable Parties Can Be**
      **Raised At Any Time – Discovery Should Proceed**

Nucleonics seeks a Rule 30(b)(6) deposition of Benitec regarding their relationship and co-ownership of the patent-in-suit with Australian entities CSIRO and QDPI. (See Opening Brief Exh. 9). Benitec has refused, saying this deposition is untimely and irrelevant because they claim it relates to inventorship.

The noticed deposition is <u>not</u> about inventorship, but ownership. Regardless, inventorship is a common subject for discovery in any patent case.

The deposition is not untimely. Indeed, the same basic topic – CSIRO ownership – was a subpart of Nucleonics original Rule 30(b)(6) served on November 2, 2004. (See Opening Brief, Exh. 3 at page 3, paragraph 1).

These depositions have not been permitted by Benitec.

We note that the CSIRO ownership issue is part of Nucleonics' Rule 19 indispensable parties' objection to this case going forward without CSIRO or without discovery from CSIRO. Indispensable party issues can be raised at any time, including on appeal. <u>See</u>, <u>e.g.</u>, 4-19 Moore's Federal Practice – Civil §19.02 [4][b][ii] (indispensable party issue can be raised for first time even on appeal); <u>Finberg v. Sullivan</u>, 634 F.2d 50, 55 (3d Cir. 1980); <u>McCullock v. Glasgow</u>, 620 F.2d 47, 51 (5th Civ. 1980) ("Failure to raise the issue in the district court does not constitute a waiver."); <u>McCowen v. Jamieson</u>, 724 F.2d 1421, 1424 (9th Cir. 1984) ("[Party's alleged indispensability] is sufficiently important that it can be raised at any stage of the proceeding – even sua sporte.").. Therefore, to avoid wasted efforts, an early deposition on this issue is necessary.

### 4.    Additional Depositions Will Be Needed

The Federal Rules of Civil Procedure contemplate 10 depositions for each side and so does this Court's July 13, 2004 Scheduling Order at paragraph 3(d).[2]

The depositions of inventor Graham, patent declarant Reed and a Rule 30(b)(6) deposition regarding CSIRO co-ownership are necessary as a first round of depositions.

However, there will be a need for additional depositions. Plaintiff Benitec produced 100 lab notebooks for the first time in January 2005. These notebooks reveal new names of key scientists – at least some of whom will need to be deposed. Benitec also identified new names of people that they will rely on at trial – including CSIRO employees – in January 2005 interrogatory answers. These people should be deposed. Undoubtedly other people may be identified as having relevant information when depositions begin.

Benitec's stance that discovery has ended, when they have just given key lab notebooks and interrogatory answers, is not consistent with affording Nucleonics a fair opportunity to litigate and resolve this case.

We respectfully urge that discovery proceed.

### B.    Benitec's Default

The central issue of this motion is the need to move discovery forward – and the absence of discovery thus far. While we do not wish to dwell on technicalities, we note that Benitec's default of the Third Noticed Deposition of Ken Reed without a prior motion for a protective order does represent a sanctionable breach of the Rules. See, e.g., United States v. Panhandle Eastern Corp., 118 F.R.D. 346, 350 (D. Del. 1988) ("Ordinarily [a protective order must be obtained before the date set for discovery " – protective order denied); Lee v. Walters, 172

---

[2]    "Maximum of 30 depositions by Plaintiff and 10 by each defendant, excluding expert depositions."

F.R.D. 421 (D. Ore. 1996) (failure to show up for deposition in absence of valid protective order

warrants sanctions).

### C.    A Few Words About Cooperation

Again, the central issue here is Benitec's refusal to go forward with any deposition

discovery.  However, Benitec has raised the spectre of a supposed failure to cooperate on

Nucleonics' part.

We feel compelled to offer a brief response for the record.

In our view, Nucleonics has attempted to cooperate – indeed, despite inconvenience and

objection, has granted repeated postponements over many weeks for properly noticed depositions

– in an attempt to resolve these discovery disputes.  (See, e.g., Opening Brief at Exhs. 12, 14).

And we attempted to proceed with Reed on March 10th but were rebuffed.  (Exh. 4 and Exh. 2

hereto).

As to Benitec, we cannot say the same.  We do not believe it is cooperative to:

*   not return phone calls and voice mails from opposing
counsel for weeks – a pattern that began in December 2004
and has not changed;

*   hold off telling opposing counsel for over a month
Benitec's position that discovery has ended and plaintiff
will provide no depositions, while posturing about
supposed scheduling issues;

*   fail to inform opposing counsel for over a month that a key
witness was about to retire and had health problems while
repeatedly delaying his deposition;

*   set a tone of disrespect and condescension in meaningless
correspondence (See Exh. 5 hereto).[2]

---

[2]   Benitec's counsel writes "Your can now stop the histrionics. . . . Put down your pen, step away
from the computer and go spend some time doing something constructive."

III.    **Conclusion**

The key issue, and the issue we ask the Court to focus on, is the absolute refusal by plaintiff Benitec to give any deposition discovery. We ask that this not be permitted. Benitec has brought this suit here in Delaware; has subjected Nucleonics to a public accusation of wrong-doing, to a disruption of its business plans and to litigation expenses. Benitec should be required to prosecute this case and give discovery. We ask that Benitec's self-imposed ban on discovery be lifted and that discovery go forth.

Respectfully submitted,

Dated: March 18, 2005

/s/ Paul E. Crawford
Paul E. Crawford, Esq. (#0493)
CONNOLLY, BOVE, LODGE
    & HUTZ
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

Dennis J. Mondolino
Jason A. Lief
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000

*Attorneys for Nucleonics Inc.*

## CERTIFICATE OF SERVICE

I, Paul E. Crawford, hereby certify on this 18th day of March, 2005  I electronically filed the foregoing **NUCLEONICS' REPLY MEMORANDUM  IN SUPPORT OF ITS MOTION TO COMPEL REFUSED DEPOSITIONS** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> John W. Shaw, Esq.
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19899

I hereby certify that on this 18th day of March, 2005, I have forwarded by Federal Express, the document to the following non-registered participants:

> Marc Labgold
> Patton Boggs
> 8484 Westpark Drive
> Ninth Floor
> McLean, VA  22102

> /s/ Paul E. Crawford
> Paul E. Crawford, Esq. (No. 0493)
> CONNOLLY, BOVE, LODGE & HUTZ LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE  19899
> Telephone:  (302) 658-9141
> pcrawford@cblh.com

387104