# EXHIBIT 1

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENITEC AUSTRALIA LTD, an Australian corporation, Plaintiff, | ) |
| v. | ) Civil Action No. 04-174-JJF |
| NUCLEONICS, INC., a Delaware corporation, Defendant. | ) |

Statement for the record taken at the law offices of Connolly, Bove, Lodge & Hutz, LLP, 1007 N. Orange Street, Wilmington, Delaware, 9th Floor, beginning at 9:28 a.m. on Monday, February 28, 2005, before Lucinda M. Reeder, Registered Diplomate Reporter and Notary Public.

APPEARANCES:

JASON A. LIEF, ESQ.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
for the Defendant Nucelonics, Inc.

WILCOX & FETZER, LTD.
1330 King Street - Wilmington, Delaware 19801
(302) 655-0477

W&F

WILCOX & FETZER LTD.
Registered Professional Reporters

ORIGINAL



WILCOX & FETZER LTD.
Registered Professional Reporters

MR. LIEF: I am Jason Lief, from the law firm of Morgan, Lewis & Bockius, in the New York office, on behalf of the defendant Nucleonics in a case in Federal Court in the United States District Court for the District of Delaware. The case is Benitec Australia Limited versus Nucleonics Inc., Civil Action No. 04-CV-174, before Judge Farnan.

We are here today, February 28th, 2005, in Wilmington, Delaware in the law offices of Connolly, Bove, Lodge & Hutz, in the Nemours Building, at 1007 North Orange Street, attempting to take the deposition of plaintiff Benitec and, in particular, of their director of scientific research, Kenneth Reed. Neither Mr. Reed nor Benitec's counsel, Patton Boggs, and in particular, Mr. Marc Labgold or Mr. Kevin Bell are present.

The attempt to take this deposition has a long history, and in fact, no depositions have been taken in this case, although almost a year has passed since the case was commenced by Benitec.

Mr. Reed's first notice of deposition was served on counsel for Benitec on November 2nd, 2004. We have marked that as Defendant's Exhibit 1. The notice served on November 2nd for deposition to take



place on November 19th never resulted in a deposition. On that same day, November 2nd, a notice was served for Michael Graham, the inventor or one of the inventors of the patent in suit. That deposition also did not take place. And that is marked as Defendant's Exhibit No. 2. Again, on that same day of November 2nd, 2004, a Rule 30(b)(6) notice of deposition of plaintiff Benitec was served. That is marked as Defendant's Exhibit No. 3. That deposition also did not take place.

Following those deposition notices, there was motion practice before Judge Farnan to obtain an extension of the deadline for the end of fact discovery. The motion was initially made by defendant Nucleonics, and Benitec opposed that motion. Nucleonics had asked for an additional four months in light of the fact that there was incomplete document production from both sides and interrogatories not yet answered by both sides and no depositions taken.

Benitec's opposition to Nucleonics' motion to amend the scheduling order, which we have marked as Defendant's Exhibit 4, states, on its third page at paragraph 6, "Two additional months to complete fact discovery from the date documents are produced and

interrogatories are answered is more than ample time for Nucleonics to conduct whatever additional discovery it envisions but will still allow reasonable time for the additional aspects of the case to go forward."

And so, Benitec's position when they filed this opposition, Defendant's Exhibit 4, on November 24th, was that once documents and interrogatories were exchanged a mere two months would suffice to finish all deposition discovery.

In the interim period, counsel for both parties changed to some extent. Morrison & Foerster had been representing Benitec. And they were replaced in the month of December by Patton Boggs. With respect to Nucleonics, various attorneys in the Washington office of Morgan Lewis were supplemented and now replaced by attorneys from the New York office of Morgan Lewis.

On December 7th, the attorneys from the New York office of Morgan Lewis, namely, myself, wrote a letter to the then still counsel for Benitec, Morrison & Foerster and John Corrado. This is marked as Defendant's Exhibit 5. In addition to discussing an attempt to move discovery forward with respect to



documents and interrogatories, we also stated on the second page that "We would like to begin depositions of your witnesses in early January 2005. Furthermore, we are prepared to begin producing our witnesses for deposition during the same time period." That December 7th letter, Defendant's Exhibit 5, was never responded to with respect to depositions and scheduling of them.

Several days later, on December 10th, 2004, Judge Farnan issued a memorandum order, which we have marked as Defendant's Exhibit 6. His order related to scheduling. And he stayed all discovery, including depositions, until January 28th, 2005 with the exception of documents and interrogatories. He then scheduled a February 3rd conference before the Court to discuss any remaining discovery issues between the parties and required that the parties bring any motions to compel that would be discussed at the February 3rd hearing by January 13th, 2005. And, again, that is recorded in Defendant's Exhibit 6.

On January 13th, defendant Nucleonics brought a motion to compel discovery from co-owner of the patent, The Commonwealth Scientific Industrial Research Organization, otherwise known as CSIRO, and



also from former co-owner of the patent, QDPI, Queensland Department of Primary Industries. Neither The Commonwealth Scientific Industrial Research Organization, also known as CSIRO, or QDPI are parties to this case. And Benitec had refused to make discovery from them, despite the fact that one was a former owner of the patent and CSIRO is still today an owner of the patent. Nor do we have any covenants not to sue from CSIRO.

The motion to compel by Nucleonics was heard by the Court on February 3rd, 2005, here in Delaware, in Wilmington, and was taken under advisement by the Bench. That day counsel for Nucleonics noticed, again, the deposition of Ken Reed of Benitec. The notice was served on February 3rd, 2005 and sought a deposition on February 17th, 2005. In addition to the notice for Kenneth Reed on February 3rd, counsel for Nucleonics also noticed, once again, the inventor of the patent in suit, Michael Graham, and sought a deposition on February 21st, 2005.

Furthermore, on February 3rd, 2005, counsel for Nucleonics noticed a Rule 30(b)(6) deposition regarding the interrelationship between



plaintiff Benitec and its patent co-owner CSIRO and QDPI. That deposition, which notice was served on February 3rd, was sought to take place on February 24th, 2005.

We have marked the notice of deposition of Ken Reed, served on February 3rd, for a February 17th deposition as Defendant's Exhibit 7; the notice of inventor Michael Graham, served February 3rd, for a February 21st deposition is marked as Defendant's Exhibit 8, and the Rule 30(b)(6) deposition notice, served on February 3rd, for deposition on February 24th is marked as Defendant's Exhibit 9.

Following the service of those notices of deposition on February 3rd, 2005, there were no communications from counsel for Benitec either objecting to the notices or seeking to reschedule them.

Eleven days later, on February 14th, 2005, counsel for Nucleonics wrote a letter to counsel for Benitec, which we have marked as Defendant's Exhibit 10, a letter, dated February 14th, 2005, from Jason Lief, myself, to Marc Labgold and Kevin Bell of Patton Boggs. It states, "As you know, we have noticed the deposition of Ken Reed for Thursday, February 17th,

2005, in our offices in New York. I look forward to seeing you with Mr. Reed on Thursday."

On February 15th, 2005, 12 days after the notices of deposition were sent, and for the first time, counsel for Benitec communicated via e-mail. Defendant's Exhibit 11 is an e-mail, dated February 15th, 2005, from Kevin Bell to Jason Lief, which reads in the pertinent parts, "Mr. Reed and counsel are not available on the date you have noticed for his deposition. I thought a letter had gone out to you on Friday or Monday, but apparently you did not receive it. My secretary is out today, so I cannot check to see if it was sent. I apologize in advance if it was not sent out. In any event, we will provide you with dates of availability for Mr. Reed, Mr. Graham and those individuals who will respond to Nucleonics' 30(b)(6) notice."

The e-mail went on to briefly discuss documents relating to the depositions, and then concluded, "In any event, I will get back to you with proposed dates of availability." Benitec's counsel's e-mail provided no time frame for when they would ultimately get back to Nucleonics' counsel with dates for the deposition.



On the same day, February 15th, 2005, and in response to that e-mail, counsel for Nucleonics wrote a letter, which we have marked as Defendant's Exhibit 12. The letter insisted upon a firm date within the next two-week period for the three depositions and sought that date by the close of business on the next day.

On February 16th, 2005, counsel for Benitec wrote back in a letter that we have marked Defendant's Exhibit 13. In pertinent part, Benitec's counsel wrote, "Benitec is willing to cooperate with Nucleonics to negotiate a schedule for these depositions. However, Benitec cannot confirm within 24 hours that all of these depositions will be completed within the next two weeks, even assuming Ken Reed and Michael Graham will come to the United States for their depositions."

The February 16th letter, Defendant's Exhibit 13, raised, for the first time, the possibility that the inventor of the patent in suit and an executive of the plaintiff would not appear in the United States for deposition and did not give a date for the depositions or a time frame when such a date would be given.



We also note that Defendant's Exhibit 13 arrived in the offices of Nucleonics' counsel at approximately 5:00 p.m., the end of the business day on February 16th.

In response, counsel for Nucleonics sent a letter back on the same day of February 16th, which is marked as Defendant's Exhibit 14. Defendant's Exhibit 14 noted that Benitec's response was unacceptable and further noted the remarkable comment in Benitec's letter that the director of research, Ken Reed, at Benitec, who is also a declarant in the United States Patent Office in support and on behalf of the patent in suit when it was being applied for and the inventor of that patent might not choose to show up in the United States, where Benitec had brought this patent suit.

Despite lodging significant objections, to Benitec's counsel's letter, which was faxed literally on the eve of when the first deposition on February 17th was supposed to take place, nonetheless, counsel for Nucleonics concluded its February 16th letter stating, "In a last ditch attempt to resolve this matter without Court intervention, we insist that you provide a date certain for the depositions by the



close of business on Monday, February 21, 2005, or we will act accordingly," thereby, giving Benitec's counsel an additional five days to contact their client in Australia to obtain dates for these depositions, which were first noticed 13 days before.

On February 18, 2005, Benitec's counsel wrote to Nucleonics' counsel in a letter we have marked as Defendant's Exhibit 15. The February 18th letter concluded, "As promised throughout last week, I will provide you with dates of availability for Benitec witnesses."

Again, Defendant's Exhibit 15 did not provide any dates for the deposition and did not provide a time frame by which the deposition dates would be provided.

Between February 18th, 2005 and February 21st, 2005, there were no more communications from Benitec's counsel and no dates for depositions were supplied.

With that in mind, Nucleonics' counsel on February 21st, 2005 served new deposition notices, or, more properly, rescheduled deposition notices of the original notices that went as far back as November 2004. Nucleonics' counsel served, again, a notice for

deposition of Ken Reed, served on February 21st, seeking a deposition of February 28th, and a new notice of 30(b)(6) deposition as well seeking a deposition on March 7th, 2005. The cover letter and these two notices of deposition have been marked as Defendant's Exhibit 16.

In the cover letter, Nucleonics' counsel wrote, "We have not been given any dates as of today and Benitec's letters have suggested that these witnesses may not be brought to the United States at all. As indicated in my last letter to you, this situation is unacceptable. This is particularly true given Benitec's repeated calls for a near-term end to fact discovery. Therefore, we do not intend to accept any further postponement of these depositions by Benitec. We will see you in Delaware next week. If you will not appear, please advise immediately. Given your past habit of waiting till the eve of depositions or other deadlines before responding, we intend to move the Court if we do not hear from you." Again, that is Defendant's Exhibit 16, which was sent on February 21st, 2005.

There was no response from Benitec's counsel on the 21st and on the 22nd of February to

that letter.

On the 23rd, counsel for Nucleonics wrote a letter to Benitec's counsel, which we have marked as Defendant's Exhibit 17, requesting a response -- in fact, requesting an immediate response as to whether they would appear in Delaware with Ken Reed on the 28th.

On February 23rd, in response to Defendant's Exhibit 17, counsel for Benitec wrote back in a letter that we have marked as Defendant's Exhibit 18. In Defendant's Exhibit 18, for the first time in the entire trail of letters, Benitec's counsel states, "We are inquiring into the availability of Mr. Reed, Michael Graham and one or more witnesses to respond to Nucleonics' 30(b)(6) deposition of Benitec." The letter went on to say, "I hope to advise you by close of business tomorrow with dates of availability."

That is on February 23rd, and it is the first time that Benitec's counsel suggests that they may have dates by a date certain, February 24th, hopefully.

On February 24th, there were no communications from Benitec's counsel, despite their statements in their February 23rd letter.



Counsel for Nucleonics wrote to them again with a letter that we have marked as Defendant's Exhibit 19. This February 24th letter concluded by saying, "I will not agree again to postpone the deposition in the absence of a date certain within two weeks that we agree upon by 10:00 a.m. tomorrow, Friday, February 25th, 2005."

Again, February 25th, 2005 would be the last business day before the noticed deposition of the 28th.

On February 25th, 2005, Benitec's counsel wrote back with a letter that we have marked as Defendant's Exhibit 20. In the pertinent part of the letter they state, "While I had hoped to receive a response by close of business yesterday, I did not. However, please be advised that we are currently contemplating dates within the range of March 7 to 18, 2005."

Again, the letter did not actually provide a date for deposition and did not say when it was that an actual date would be provided. What the letter stated was that they were contemplating dates but that contemplation was occurring in the absence of consultation with their client and their client's

schedule. This February 25th contemplation of dates in mid March 2005 was taking place for the first time, 22 days after the February 3rd notices of deposition.

In response, counsel for Nucleonics wrote back to Benitec on February 25th, 2005 in a letter marked Defendant's Exhibit 21. This letter noted that there still was no date certain and that there was not even a guarantee of a range of dates certain because the March 7th through 18th dates were only contemplated, and, of course, had been suggested in the absence of consultation between Benitec's counsel and Benitec.

Nonetheless, the February 25th letter offered to reschedule the depositions if Benitec's counsel could guarantee that all three depositions would take place by March 18th and that, in the future, they would work to resolve these types of scheduling issues in a more timely manner. The letter concluded by stating, "Please advise immediately if these conditions are acceptable. I fail to understand, in this age of global communication, why it has taken almost a month for you to obtain dates from Australia. However, I urge you to communicate with Australia this evening to resolve this matter."

The letter sought a response by the next day, Saturday, as the noticed deposition of the 28th, on Monday, was looming. There have been no communications from Benitec's counsel Friday evening, Saturday, Sunday or thus far, Monday morning, and Benitec's counsel has not itself appeared nor has it brought a witness.

We note that this is all in the context, again, of Benitec's counsel stating that all discovery in the case could be concluded within a two-month period after the January deadlines for document production and interrogatory answers.

At best, where we are right now is that Benitec's counsel may offer these three depositions, is contemplating offering these three depositions sometime in mid March, which is a month and a half into the supposed two-month period that Benitec contemplated for discovery. If these depositions were to take place in mid March, they would be the three depositions and the only three depositions in the entire case, and, obviously, they were intended by Nucleonics' counsel as a first round of depositions to be followed up by other depositions. And we note that Benitec has produced a hundred laboratory notebooks

relating to the invention, extremely key documents in any patent case, in late January 2005, almost ten months after the beginning of the lawsuit that they brought.

And so, we move on the record here that the Court compel Benitec to provide witnesses in a timely manner, provide them in the United States, and as plaintiff in this case to move forward and prosecute the case.

At this point, it is now approximately ten minutes after 10:00 a.m. in the morning, and we will adjourn to see if anyone shows up with limited expectations at this point and pick up again at 10:45 a.m.

(Recess taken.)

MR. LIEF: We are back on the record at approximately a quarter after 11:00 on February 28th, 2005 in the law offices of Connolly Bove, in Wilmington, Delaware at a noticed deposition of plaintiff Benitec and, in particular, their director of research, Kenneth Reed. The deposition was noticed by defendant Nucleonics. As the record previously states, repeatedly starting in November 2004 and through the entirety of this month, we have attempted

to obtain a date and the witness.

At this point, we recognize that neither counsel for Benitec nor the witness has shown up, and it would be futile to continue today. We have not received any letters from them as far as I can tell. A letter would come through to me through our fax system onto my Blackberry, and I have not received such a letter from opposing counsel since I wrote to them three days ago on Friday.

At this point, we will adjourn the deposition of Ken Reed until such time as opposing counsel gives us a date or is ordered to give us a date. Counsel for Nucleonics was prepared today and had been prepared for this entire month to take the deposition of Ken Reed, and we had shipped copies of documents down to be used and were prepared with questions. And we will adjourn until those questions and those documents can be answered and looked at by the witness. And so we adjourn the deposition at this point.

(Concluded at 11:16 a.m.)

-- -- -- --



State of Delaware )
)
New Castle County )

CERTIFICATE OF REPORTER

I, Lucinda M. Reeder, Registered Diplomate Reporter and Notary Public, do hereby certify that the foregoing record is a true and accurate transcript of my stenographic notes taken on Monday, February 28, 2005 in the above-captioned matter.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 28th day of February 28, 2005 at Wilmington, Delaware.

Lucinda M. Reeder, RDR, CRR
Certification No. 132-RPR
(Expires January 31, 2008)