# EXHIBIT 2

03/07/2005 17:30 FAX                                                                                               ☒001


**PATTON BOGGS** LLP
ATTORNEYS AT LAW

8484 Westpark Drive
Suite 900
McLean VA 22102
(703) 744-8000

Facsimile (703) 744-8001

| To: | Jason A. Lief, Esq. |
|---|---|
| Company: | Morgan Lewis |
| Fax Number: | 212.309.6001 |
| Phone Number: | 212.309.2111 |
| Total Pages Including Cover: | 3 |
| From: | Kevin M. Bell, Esq. |
| Sender's Direct Line: | (703) 744-8065 |
| Date: | March 7, 2005 |
| Client Number: | 023004.0101 |

Comments:

WASHINGTON DC

NORTHERN VIRGINIA

DALLAS

DENVER

ANCHORAGE

DOHA, QATAR

**Confidentiality Note:** The documents accompanying this facsimile contain information from the law firm of Patton Boggs LLP which is confidential and/or privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile is strictly prohibited, and that the documents should be returned to this Firm immediately. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

If you did not receive all of the pages or find that they are illegible, please call (703) 744-8000.



8484 Westpark Drive
Suite 900
McLean, VA 22102-5117
703-744-8000

Facsimile 703-744-8001
www.pattonboggs.com

March 7, 2005

Kevin M. Bell
(703) 744-8065
KBell@pattonboggs.com

Practice Limited To Matters
Before Federal Courts

**VIA FACSIMILE**

Jason A. Lief, Esq.
Morgan Lewis
101 Park Avenue
New York, NY 10178-0060

Re: *Benitec Australia Ltd. v. Nucleonics, Inc.*, Civil Action No. 04 CV 104

Dear Jason:

I am writing in response to your March 3, 2005 letter regarding our telephone conference regarding Nucleonics' Motion to Compel and Benitec's contemplated Motion for Protective Order.

As you know, the Court's December 10, 2004, Order expressly stayed all discovery except for the two items listed therein, both of which have now been completed. Judge Farnan stated in his Order that, "once the permitted discovery is completed, I will schedule other necessary discovery and case dispositive motions." (D.I. 74). Thus, contrary to the position you took during our telephone conference and in your letter, discovery in this case is currently stayed pending further instructions from the Court. While Benitec tried unsuccessfully to cooperate with you regarding these issues, you instead chose to embark on an *ad hominum* attack to build a false record of delay by Benitec. You then chose to resort to unnecessary motion practice. Thus, Benitec intends to proceed in accordance with the Court's Order and, based on your refusal to do so, will submit a Motion for Protective Order to preclude the continued noticing of depositions of individuals and Benitec.

It is necessary to address your motion to compel and relentless attempts to portray Benitec as causing delay in this case. During our March 3, 2005, telephone call, we requested that you withdraw your motion on several well-founded grounds. At the outset, you failed to comply with the meet and confer requirements set forth in the local rules and the Court Order currently in place. Additionally, we spent an inordinate amount of time working with you to look into dates of availability for the witnesses you had noticed should the Court determine additional discovery is necessary. Your unyielding demands for instantaneous deposition

03/07/2005 17:31 FAX                                                                 ☒003



Jason A. Lief, Esq.
March 7, 2005
Page 2 of 2

dates, followed by your immediate refusal to accept the dates offered and your improper motion to compel in light of the Court Order, has forced Benitec to incur additional unnecessary expense and aggravation.

As for your constant complaints about Mr. Reed's deposition, it should be noted that Mr. Reed lives in Australia, suffered a severe heart attack last May, and was forced to have double triple bypass surgery. Your insistence that he just get on a plane to suit your convenience is unconscionable. As for his status within the company, despite his "retirement," he remains active in the company's business activities and his "retirement" poses no risk to Nucleonics that he will be unwilling or unable to cooperate above and beyond his health issues.

Again, please be advised that subject to the Court's Order, Benitec will not proceed with any depositions (noticed or unnoticed) until such time as the Court further directs what, if any, discovery remains to be conducted in this case prior to trial. It remains Benitec's position that discovery is closed and this matter should proceed to trial. Should the Court conclude otherwise, both parties will be able to request the discovery they deem necessary.

Sincerely,

*/s/ Kevin M. Bell*

Kevin M. Bell

KMB/mnl

cc:   John W. Shaw, Esq.

3647121v1