IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BENITEC AUSTRALIA LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-174-JJF |
| | ) | |
| NUCLEONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

John W. Shaw (No. 3362)
Glenn C. Mandalas (No. 4432)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
gmandalas@ycst.com

*Attorneys for Plaintiff*
*Benitec Australia Ltd.*

Of Counsel:

Marc R. Labgold, Ph.D.
Kevin M. Bell
Scott A.M. Chambers. Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
(703) 744-8000

Richard J. Oparil
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

DATED: August 1, 2005

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ......................................................................1

SUMMARY OF ARGUMENT ...........................................................................................................2

BACKGROUND ................................................................................................................................2

ARGUMENT......................................................................................................................................2

CONCLUSION..................................................................................................................................3

Pursuant to Fed. R. Civ. P. 41(a), plaintiff, Benitec Australia Ltd. ("Benitec"), moves to dismiss this case without prejudice. Dismissal is sought based on the U.S. Supreme Court's recent decision on the 35 U.S.C. § 271(e) exemption. *Merck KGAA v. Integra Lifesciences I, Ltd.*, 125 S. Ct. 2372 (2005). Defendant, Nucleonics, Inc. ("Nucleonics"), had previously moved for dismissal on these grounds. (D.I. 25). The Court denied that motion stating that the outcome of the *Integra* case might require a revisiting of the motion. (D.I. 89). Despite having moved the Court to dismiss the case due to a lack of jurisdiction, Nucleonics has apparently had a change of heart. In view of the Supreme Court's recent decision in the *Integra* case, Benitec asked Nucleonics to stipulate to the voluntary dismissal which would result from the reconsideration of its prior motion. However Nucleonics refused to do so, necessitating the filing of this motion. The lack of a present case or controversy, as well as the interests of judicial economy, require dismissal without prejudice to the underlying merits of the case.

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case, filed March 22, 2004, arising from Nucleonics' infringement of Benitec's U.S. Patent No. 6,573,099 B2 ("the '099 patent").[1]  (D.I. 1). Nucleonics answered the complaint on April 30, 2004. (D.I. 13). On July 13, 2004, Nucleonics filed a motion to dismiss Benitec's claim and to stay all unrelated discovery and proceedings pending its resolution. (D.I. 25). On February 7, 2005, this Court denied Nucleonics' motion. (D.I. 89).

---

[1]     Benitec and Nucleonics are the only parties remaining upon defendants Ambion, Inc. and Genscript Corporation's stipulated dismissals from the case. (D.I. 44, D. I. 48).

## SUMMARY OF ARGUMENT

The Supreme Court's recent *Integra* decision on the scope of the exemption under 35 U.S.C. § 271(e)(1) effectively means that there is currently no case or controversy before the Court and dismissal without prejudice is warranted.

## BACKGROUND

Nucleonics moved to dismiss this action based on the exemption from infringement set forth in 35 U.S.C. § 271(e)(1). (D.I. 25). This Court denied that motion based on the then current state of the law. (D.I. 89). However, on June 13, 2005, the U.S. Supreme Court rendered a decision in the *Integra* case, 125 S. Ct. 2372, which reversed the Federal Circuit's prior decision concerning the infringement exemption provided under § 271(e)(1). *Integra Lifesciences I, Ltd. v. Merck KGAA*, 331 F.3d 860 (Fed. Cir. 2003). This Court had relied on the Federal Circuit *Integra* decision in denying Nucleonics' motion to dismiss. (D.I. 89). Thus, the Supreme Court's reversal prompts the need for the Court's reconsideration.

## ARGUMENT

Given the substantive change in the law on the scope of the § 271(e)(1) exemption, the Court's prior comments with respect to the denial of Nucleonics' motion (D.I. 93 at 51-54), and the desire to avoid unnecessary burden upon this Court and unnecessary expense, this case should be dismissed without prejudice under Rule 41(a). Indeed, the Supreme Court's *Integra* decision effectively means that there is currently no case or controversy before the Court and dismissal would be warranted. *See, e.g.*, *Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361 (Fed. Cir. 2004).

Benitec's counsel contacted Nucleonics' counsel to suggest that the parties stipulate to voluntary dismissal without prejudice. Surprisingly, Nucleonics refused to so stipulate, arguing that a dismissal on the grounds of a § 271(e)(1) exemption would only be a temporary solution.

Instead, Nucleonics seeks a decision on the ultimate merits of the case. Nucleonics is now overreaching. Benitec could only bring new claims if Nucleonics is ultimately successful in obtaining FDA approval for its infringing products or otherwise engages in infringing activities not otherwise permitted under the § 271(e) exemption. Nucleonics' original motion, which the Court indicated it would reconsider if the law were changed by the *Integra* case, is essentially a motion for dismissal for lack of jurisdiction because there can be no case or controversy if the § 271(e)(1) exemption applies. There is no basis for this Court to dismiss with prejudice infringement claims that do not yet exist. Accordingly, Benitec respectfully requests that the Court dismiss this case without prejudice.

## CONCLUSION

For the foregoing reasons, Benitec Australia Ltd. respectfully requests that the Court grant its motion for voluntary dismissal of this action without prejudice, each party to bear its own costs.

Dated: August 1, 2005                    Respectfully submitted,

                                         Young Conaway Stargatt & Taylor, LLP

                                         _____
                                         John W. Shaw (No. 3362)
                                         Glenn C. Mandalas (No. 4432)
                                         The Brandywine Building, 17th Floor
                                         1000 West Street
                                         Wilmington, Delaware  19801
                                         (302) 571-6600

                                         *Attorneys for Plaintiff Benitec Australia Ltd.*

Of Counsel:

Marc R. Labgold, Ph.D.
Kevin M. Bell
Scott A.M. Chambers. Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia  22102
(703) 744-8000

Richard J. Oparil
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
(202) 457-6000

I, Glenn Mandalas, Esquire, hereby certify that on August 1, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Paul E. Crawford, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, Delaware 19899

I further certify that on August 1, 2005, I caused a copy of the foregoing document to be served in the manner indicated:

**BY FACSIMILE AND HAND DELIVERY**
> Paul E. Crawford, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899

**BY FACSIMILE AND FEDERAL EXPRESS**
> Dennis J. Mondolino, Esquire
> Jason A. Lief, Esquire
> Morgan Lewis & Bockius LLP
> 101 Park Avenue
> New York, NY 10178

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> Glenn C. Mandalas (No. 4432)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> gmandalas@ycst.com
>
> Attorney for Benitec Australia LTD