REDACTED VERSION – PUBLICLY FILED

'N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENITEC AUSTRALIA LTD., <br><br> Plaintiff, <br><br> v. <br><br> NUCLEONICS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-174-JJF <br> ) <br> ) <br> ) **CONFIDENTIAL – FILED** <br> ) **UNDER SEAL** <br> ) |

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION
## FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Plaintiff*
*Benitec Australia Ltd.*

Of Counsel:

Marc R. Labgold, Ph.D.
Kevin M. Bell
Scott A.M. Chambers. Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
(703) 744-8000

Richard J. Oparil
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

Dated: August 29, 2005

REDACTED VERSION – PUBLICLY FILED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................2

INTRODUCTION .............................................................................................5

ARGUMENT ...................................................................................................6

I.  THERE IS NO ACTUAL CASE OR CONTROVERSY BETWEEN THE
    PARTIES SUFFICIENT FOR THIS COURT TO CONTINUE TO EXERCISE
    SUBJECT MATTER JURISDICTION. .............................................................6

II. THERE IS NO PENDING DECLARATORY JUDGMENT COUNTERCLAIM
    AGAINST BENITEC ON WHICH TO BASE THE EXERCISE OF
    JURISDICTION. ........................................................................................8

    A.  The Court Lacks Subject Matter Jurisdiction To Decide Nucleonic's
        Motion For Leave To Amend Its Answer. ...............................................8

    B.  Nucleonics Cannot Use An Non-Existent Declaratory Judgment
        Counterclaim To Manufacture Jurisdiction. ............................................9

        1.  Under Rule 41(a)(2), Nucleonics Has No Grounds To Object To
            Benitec's Motion To Dismiss. .......................................................9

        2.  Because There Is No Pending Counterclaim Here, The Cases Cited
            By Nucleonics Are Inapposite. ....................................................11

    C.  There Is No Case Or Controversy Between Benitec And Nucleonics...................13

        1.  There Is No Reasonable Apprehension Of An Infringement Suit. .............15

        2.  Nucleonics Is Asking The Court To Improperly Provide An
            Advisory Opinion......................................................................15

        3.  Nucleonics Vague References To Animal Work Is A Smokescreen
            And Does Not Create A Case Or Controversy. ..................................19

III. THE COURT SHOULD EXERCISE ITS DISCRETION AND NOT HEAR A
     DISPUTE WITH BENITEC THAT NUCLEONICS IS TRYING TO CREATE. ...........20

CONCLUSION................................................................................................22

REDACTED VERSION – PUBLICLY FILED

## TABLE OF AUTHORITIES

**Cases**

*Applera Corp. v. Illumina*, Inc., 282 F. Supp. 2d 1120 (N.D. Cal. 2003).................................... 22

*Aralac, Inc. v. Hat Corp. of America*, 166 F.2d 286 (3d Cir. 1948) ....................................... 14, 16

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988) ...................... 11

*Biacore v. Thermo Bioanalysis Corp.*, 79 F. Supp. 2d 422 (D. Del. 1999), *aff'd*, 2002 U.S. App.

    Lexis 13957 (Fed. Cir. Mar. 15, 2002) ....................................................... 13, 14, 15

*Breitigan v. Delaware*, 2003 U.S. Dist. Lexis 12073 (D. Del. July 16, 2003) ......................... 6, 14

*Calderon v. Ashmus*, 523 U.S. 740 (1998) .................................................................. 14

*Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64 (D.D.C. 2002) ................................. 22

*Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828 (3d Cir. 1995)......................... 9

*Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993) ...................................... 11

*Carrot Components Corp. v. Thomas & Betts Corp.*,

    1986 U.S. Dist. Lexis 29723 (D.N.J. Feb. 3, 1986)............................................. 16, 20

*Classen Immunotherapies, Inc. v. Biogen Idec*,

    2005 U.S. Dist. Lexis 17075 (D. Md. July 22, 2005) .................................................. 7

*EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996)..................................... 14, 20

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) .................................................. 22

*Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340 (Fed. Cir. 2005) ......................... 11, 12, 13, 14

*Glaxo Group Ltd. v. Dr. Reddy's Labs., Ltd.*, 325 F. Supp. 2d 502 (D.N.J. 2004)..................... 6, 8

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953 (Fed. Cir. 1987)..................... 11

*GPAC, Inc. v. DWW Enterprises, Inc.*, 144 F.R.D. 60 (D.N.J. 1992) ......................................... 22

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 288 F. Supp. 2d 638 (D. Del. 2003) ...... 13

REDACTED VERSION – PUBLICLY FILED

*Indium Corp. of America v. Semi-Alloys, Inc.*, 566 F. Supp. 1344 (N.D.N.Y. 1983).................. 16

*Invensys Inc. v. Am. Mfg. Corp.*, 2005 U.S. Dist. Lexis 3961 (E.D. Pa. Mar. 15, 2005)........ 17, 21

*Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388 (Fed. Cir. 1984) ................................ 15

*Lang v. Pacific Marine and Supply Co., Ltd.*, 895 F.2d 761 (Fed. Cir. 1990)............................ 18

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) .................................... 14

*Merck KGAA v. Integra Lifesciences I, Ltd.*, 125 S. Ct. 2372 (2005) .................................. passim

*Mobil Oil Corp. v. Advanced Envt. Recycling Techns., Inc.*, 826 F. Supp. 112 (D. Del. 1993)... 11

*S. C. Johnson & Sons, Inc. v. Boe*, 187 F. Supp. 517 (E.D. Pa. 1960) ........................................ 10

*Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037 (Fed. Cir. 1995) .................................................... 21

*Shearin v. Brady*, 2004 U.S. Dist. Lexis 5206 (D. Del. March 25, 2004) .................................... 14

*Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621 (Fed. Cir. 1984) ........................................ 11

*Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc.*,

   363 F.3d 1361 (Fed. Cir. 2004)................................................................................ 6, 11, 14

*Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520 (Fed. Cir. 1992) ................. 17, 21

*Travelers Ins. Co. v. Obusek*, 72 F.3d 1148 (3d Cir. 1995)................................................. 6, 14, 16

*United States v. Professional Air Traffic Controllers Org.*, 449 F.2d 1299 (3d Cir. 1971) ..... 9, 10

*United Sweetner USA, Inc. v. Nutrasweet Co.*, 760 F. Supp. 400 (D. Del. 1991) ........................ 11

*Valley Forge Christian College v. Americans United for Separation of Church and State*,

   454 U.S. 464 (1982)..................................................................................................................... 6

## Statutes

35 U.S.C. § 271(e)(1)................................................................................................................ passim

35 U.S.C. § 2201(a) ........................................................................................................................ 13

REDACTED VERSION – PUBLICLY FILED

**Rules**

Fed. R. Civ. P. 7(a), (b)(1) ..................................................................................................... 10

Fed. R. Civ. P. 41(a)(2) ............................................................................................................ 5

REDACTED VERSION – PUBLICLY FILED

## INTRODUCTION

By opposing the motion to dismiss this action without prejudice, defendant, Nucleonics, Inc. ("Nucleonics"), is asking this Court to hear and decide an action where there is no case or controversy and thus no subject matter jurisdiction. Plaintiff, Benitec Australia Ltd. ("Benitec"), sued Nucleonics for infringement of its U.S. Patent No. 6,573,099 B2 ("the '099 patent"), and Nucleonics answered the complaint by denying liability and asserting affirmative defenses. (D.I. 1, 13). Significantly, Nucleonics did not timely file any counterclaim to seek a declaratory judgment of non-infringement, invalidity or unenforceability. However, Nucleonics did file a motion to dismiss, arguing the exemption from infringement liability under 35 U.S.C. § f(1) applied. (D.I. 25). The Court denied that motion based on the then current state of the law. (D.I. 89).

After the U.S. Supreme Court's recent decision in *Merck KGAA v. Integra Lifesciences I, Ltd.*, 125 S. Ct. 2372 (2005), changed the law on the nature and scope of the section 271(e) exemption, there was no longer a case or controversy and Benitec appropriately moved to dismiss its claims against Nucleonics without prejudice. Ironically, Nucleonics is now attempting to gain broader relief that it could have had if the Court granted Nucleonics' motion to dismiss based on § 271(e)(1). Nucleonics has also overlooked that, under Fed. R. Civ. P. 41(a)(2), it does not have cause to object to dismissal when it did not plead a counterclaim prior to service of the motion to dismiss. Similarly, Nucleonics' entire argument is based on cases where there was a pending declaratory judgment counterclaim. There is no such counterclaim in this case. Thus, there is no longer an actual case or controversy between Benitec and Nucleonics, and the action should be dismissed without prejudice.

REDACTED VERSION – PUBLICLY FILED

## ARGUMENT

I.   **THERE IS NO ACTUAL CASE OR CONTROVERSY BETWEEN THE PARTIES SUFFICIENT FOR THIS COURT TO CONTINUE TO EXERCISE SUBJECT MATTER JURISDICTION.**

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 471 (1982). *See also Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc.,* 363 F.3d 1361, 1372 (Fed. Cir. 2004) (accord); *Travelers Ins. Co. v. Obusek,* 72 F.3d 1148, 1153-54 (3d Cir. 1995) (accord); *Breitigan v. Delaware,* 2003 U.S. Dist. Lexis 12073 at *9 (D. Del. July 16, 2003) ("Article III, Section 2 of the United States Constitution requires the existence of an actual case or controversy before a federal court may exercise jurisdiction over a matter."). Where there is no actual case or controversy, the Court does not have subject matter jurisdiction. *See, e.g., Glaxo Group Ltd. v. Dr. Reddy's Labs., Ltd.,* 325 F. Supp. 2d 502, 508 (D.N.J. 2004).

Benitec filed its motion to dismiss because the Supreme Court's *Integra* decision on the scope of the safe harbor under § 271(e)(1) means that there is currently no case or controversy before the Court, and the Court no longer has jurisdiction to hear this case.[1] (D.I. 109 at 2, citing *Sierra Applied Sciences,* 363 F.3d 1361). Indeed, Nucleonics has also told the Court that the § 271(e)(1) exemption operates to deprive the Court of subject matter jurisdiction. Nucleonics brought its motion to dismiss under Fed. R. Civ. P. 12(b)(1).[2] (D.I. 25 at 1). Nucleonics' motion

---

[1] ███████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

[2]   Nucleonics also moved pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

REDACTED VERSION – PUBLICLY FILED

contended that the infringement exemption applied and this Court lacked jurisdiction to hear and decide Benitec's claims. (*Id.*). In its July 13, 2004 brief in support, Nucleonics asserted that:





There is no material difference between the position that Nucleonics took in its July 2004 motion to dismiss and Benitec's position on the instant motion. Because of the change in the law announced in *Integra*, Nucleonics' research activity is exempt from infringement.[3] It will be

---

[3]     See *Classen Immunotherapies, Inc. v. Biogen Idec*, 2005 U.S. Dist. Lexis 17075 at *9 (D. Md. July 22, 2005) (*Integra* applied to grant  motion to dismiss patent infringement claims because defendants' alleged participation in a study evaluating risks associated with various vaccination schedules was reasonably related to the development and submission of information required under the Federal Food, Drug, and Cosmetic Act").

REDACTED VERSION – PUBLICLY FILED

years, if ever, before Nucleonics will obtain necessary regulatory approval and engage in activities that are not shielded by the § 271(e)(1) exemption. Benitec has no basis to continue to assert its claims. As a result, this Court lacks subject matter jurisdiction and this case should be dismissed **without** prejudice. *See, e.g., Glaxo Group*, 325 F. Supp. 2d at 508-09 ("As dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, dismissal without prejudice is proper.").

## II. THERE IS NO PENDING DECLARATORY JUDGMENT COUNTERCLAIM AGAINST BENITEC ON WHICH TO BASE THE EXERCISE OF JURISDICTION.

Nucleonics' opposition to Benitec's motion to dismiss is based on legal authority in which there was an **existing** counterclaim for a declaratory judgment that the patent-in-suit was invalid or unenforceable. By contrast, in this case, there is **no pending counterclaim**, as Nucleonics' admits. (D.I. 110 at 3-4).

### A. The Court Lacks Subject Matter Jurisdiction To Decide Nucleonic's Motion For Leave To Amend Its Answer.

Nucleonics did not file a counterclaim for declaratory judgment of non-infringement, invalidity or unenforceability of the '099 patent when it answered Benitec's complaint in April 2004. (D.I. 13). On February 16, 2005, months after the deadline in this Court's July 14, 2004 Rule 16 Scheduling Order (D.I. 27), Nucleonics filed a motion for leave to file a first amended answer to add affirmative defenses and a counterclaim of invalidity and unenforceability. (D.I. 91-92). Benitec opposed that motion, and it remains undecided.

8

As discussed above, there is no actual case or controversy between the parties. Without any continuing case or controversy, this Court lacks subject matter jurisdiction. As a result, Nucleonic's motion to amend is moot.[4]

**B.    Nucleonics Cannot Use An Non-Existent Declaratory Judgment Counterclaim To Manufacture Jurisdiction.**

Nucleonics seeks to have this Court deny Benitec's motion to dismiss in order to grant relief on declaratory judgment claims that do not now exist. Neither the Federal Rules nor the cases cited by Nucleonics permit that result.

**1.    Under Rule 41(a)(2), Nucleonics Has No Grounds To Object To Benitec's Motion To Dismiss.**

Benitec's motion for an Order dismissing this action is governed by Fed. R. Civ. P. 41(a)(2), which provides in relevant part that:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. **If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication** by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice. [Emphasis added.]

See, e.g., *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 838 n.6 (3d Cir. 1995) ("Dismissal of an action in which a counterclaim has been filed is barred under Rule 41(a)(2) when the defendant objects "if a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss . . . unless the counterclaim can remain pending for independent adjudication by the court."); *United States v. Professional Air Traffic Controllers Org.*, 449 F.2d 1299, 1300 (3d Cir. 1971) (accord).

---

[4]    Assuming *arguendo* that the motion to amend is not deemed moot, Nucleonic's motion should be denied for the reasons set forth in Benitec's opposition. (D.I. 95).

9

In the *Professional Air Traffic Controllers Org.* case, *supra*, the United States sued to enjoin air traffic controllers from continuing an unlawful strike, and the Court entered a preliminary injunction. After the controllers returned to work, prior to trial on the merits and prior to the filing of any counterclaim by the defendants, the government moved to dismiss its suit as moot. After service of that motion on the defendants, the defendants filed and served a counterclaim. The District Court granted the government's motion to dismiss. The Third Circuit, in a *per curiam* opinion, affirmed. "Since the government's motion to dismiss was served prior to the service of defendants' counterclaim, the district court acted within the discretion granted to it by Rule 41(a)." 449 F.2d at 1300.

Under the plain language of Rule 41(a)(2) as well as cases from the Third Circuit, a defendant has cause to object to a plaintiff's request for dismissal when the defendant has pleaded a counterclaim prior to **service of the motion to dismiss** and that counterclaim can be independently adjudicated. Conversely, there is no cause to object if there is no counterclaim pending when the motion to dismiss is filed. Here, there can be no dispute that at the time Benitec served its motion to dismiss, there was no pending counterclaim by Nucleonics in existence. Nucleonics has no valid grounds to object to dismissal.[5]

---

[5]     Nucleonics may try to avoid this result by contending that its motion for leave to file an amended answer and counterclaim is equivalent to the "pleading" that is specifically required under Rule 41(a)(2). The Rules clearly distinguish between pleadings and motions. *See* Fed. R. Civ. P. 7(a), (b)(1). In *S. C. Johnson & Sons, Inc. v. Boe*, 187 F. Supp. 517 (E.D. Pa. 1960), the defendant served plaintiff with a motion for leave to file a counterclaim. While that motion was pending, the plaintiff moved to dismiss the action. The defendant argued that the Court should treat the motion to add a counterclaim as a pleading and denial plaintiff's motion to dismiss the suit under Rule 41(a)(2). The Court rejected that argument: "We think that defendant Boe has not 'pleaded' a counterclaim within the meaning of Rule 41(a)(2). A motion is not a pleading. Furthermore, the whole purpose of the Rule is to preserve to a defendant who has pleaded a counterclaim the jurisdiction of the Court over the parties and over the defendant's claim." *Id.* at 520. Thus, Nucleonics should not be permitted to bootstrap a motion into a pleading.

> **2.    Because There Is No Pending Counterclaim Here, The Cases Cited By Nucleonics Are Inapposite.**

Nucleonics' opposition asks the Court to extend cases holding that the exercise of jurisdiction over a **pending** declaratory judgment counterclaim to this case in which there is **no** pending counterclaim. The cases that Nucleonics relies on are simply inapposite. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (jurisdiction existed over a pending declaratory judgment counterclaim of invalidity); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340 (Fed. Cir. 2005) (jury verdict of non-infringement did not divest court of jurisdiction over pending unenforceability counterclaim); *Sierra Applied Sciences*, 363 F.3d at 1367 (plaintiff filed declaratory judgment action seeking declaration of non-infringement); *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988) (plaintiff filed declaratory judgment action seeking declaration of non-infringement, invalidity and unenforceability); *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953 (Fed. Cir. 1987) (plaintiff filed complaint for declaratory judgment of non-infringement, invalidity and unenforceability); *Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 624 (Fed. Cir. 1984) (patentee could not unilaterally remove the issue of the validity of a patent claim by voluntarily dismissing with prejudice the infringement allegation where the accused infringer's counterclaim put validity in issue); *Mobil Oil Corp. v. Advanced Envt'l Recycling Techns., Inc.*, 826 F. Supp. 112 (D. Del. 1993) (oil company filed action to declare four patents are invalid, unenforceable and not infringed); *United Sweetner USA, Inc. v. Nutrasweet Co.*, 760 F. Supp. 400 (D. Del. 1991) (action for declaratory judgment of invalidity).

The recent Federal Circuit decision in *Fort James*, 412 F.3d 1340, does not help Nucleonics' argument. In that case, Fort James sued Solo for patent infringement. Solo denied the allegations and counterclaimed for a declaratory judgment of non-infringement, invalidity

11

and unenforceability. *Id.* at 1342-43. Prior to trial, the Court bifurcated the case and ruled that the unenforceability contention would be tried to the bench. The infringement and invalidity issues proceeded to trial and the jury returned a verdict finding that the patent-in-suit was neither infringed nor invalid. *Id.* at 1344-45. After the verdict, Solo asked the Court to schedule a hearing on the undecided unenforceability counterclaim. Fort James opposed Solo's request and filed a covenant not to sue Solo for infringement and agreed not to seek to overturn the jury verdict. The District Court dismissed the unenforceability counterclaim as moot. *Id.* at 1345. Solo appealed the dismissal.

The Court of Appeals reversed because a **pending** counterclaim "questioning the validity or enforceability of a patent raises issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement." *Id.* at 1348. The Court also ruled that:

> Accordingly, the jury verdict holding that Solo Cup did not infringe Fort James' patents did not moot Solo Cup's counterclaim for unenforceability nor did it act to **divest the district court of jurisdiction to hear that unlitigated counterclaim.**

*Id.* (emphasis added). *Fort James* thus found that the District Court erred by ruling that an existing and unlitigated counterclaim was moot after a jury verdict that the patent at issue was not infringed and not invalid. The jury verdict did not "divest" the District Court of jurisdiction to decide the pending counterclaim. The Federal Circuit's decision did nothing more than confirm that the District Court may not simply find that unresolved pending counterclaims are not automatically mooted by a judgment of non-infringement. Indeed, this Court has made similar rulings in other patent cases:

> Typically, when the patentee institutes an action for infringement and the alleged infringer counterclaims that the patent is invalid, unenforceable, and/or not infringed, the action may proceed on the counterclaim, even if the patentee voluntarily dismisses the charge of infringement and stipulates to non-infringement. However, for a court to retain jurisdiction over counterclaims seeking

> declaratory judgment of non-infringement and invalidity, once the infringement claims have been withdrawn, the defendant must show, by a preponderance of the evidence, that it has a reasonable apprehension that it will be sued on the non-asserted claims.

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 288 F. Supp. 2d 638, 644 (D. Del. 2003) (citation omitted). *See also Biacore v. Thermo Bioanalysis Corp.*, 79 F. Supp. 2d 422, 454 (D. Del. 1999) ("In a typical case where the **patentee institutes an action for infringement and the alleged infringer counterclaims** that the patent is invalid and unenforceable and/or non-infringed, **courts will allow the action to go forward** on the counterclaim even if the patentee voluntarily dismisses the charge of infringement or stipulates to the non-infringement.") (emphasis added), *aff'd*, 2002 U.S. App. Lexis 13957 (Fed. Cir. Mar. 15, 2002).

However, notwithstanding such case law, *Fort James* and the other rulings cited do not govern this case. There is no pending unresolved counterclaim. Benitec sued Nucleonics for infringement of the '099 patent. Nucleonics answered but did not assert any counterclaim, let alone one for a declaratory judgment. There was no counterclaim pending when Benitec filed the instant motion to dismiss after *Integra* was decided. Nucleonics is effectively asking this Court to rule that, even though the only claim in the case – Benitec's infringement claim – has been resolved and rendered moot, the Court nevertheless must retain jurisdiction and hear Nucleonic's unpled counterclaims. The law does not support that result.

C.    **There Is No Case Or Controversy Between Benitec And Nucleonics.**

Assuming *arguendo* that the Court finds it has jurisdiction to consider Nucleonics' "renewed request" for leave to amend, the motion should still be denied. A declaratory judgment counterclaim may only be brought if there is an "actual controversy" between the parties. *See, e.g.*, 35 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other

legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (a declaratory judgment action may not be used to obtain an advisory opinion on a hypothetical state of facts.); *Fort James Corp.*, 412 F.3d at 1348 (accord); *Obusek*, 72 F.3d at 1153-54 (3d Cir. 1995) ("The existence of a 'case or controversy' is a condition precedent to the proper exercise of judicial power by a federal court and the Declaratory Judgment Act cannot relax that constitutional requirement."); *Aralac, Inc. v. Hat Corp. of America*, 166 F.2d 286, 290 (3d Cir. 1948) ("the District Court is without power to grant declaratory relief unless such [actual] controversy exists."); *Shearin v. Brady*, 2004 U.S. Dist. Lexis 5206 at *5 (D. Del. Mar. 25, 2004) (Farnan, J.) (the existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory relief); *Biacore*, 79 F. Supp. 2d at 453 ("It is axiomatic that a case or controversy is a jurisdictional predicate for declaratory judgment under § 2201").

In a patent-related declaratory judgment action, there is an actual controversy where:

> First, the plaintiff must actually produce or be prepared to produce an allegedly infringing product. Second, the patentee's conduct must have created an objectively reasonable apprehension on the part of the plaintiff that the patentee will initiate suit if the activity in question continues.

*EMC Corp. v. Norand Corp.*, 89 F.3d 807, 811 (Fed. Cir. 1996). *See also Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); *Sierra Applied Sciences,*, 363 F.3d at 1373 (accord); *Breitigan*, 2003 U.S. Dist. Lexis 12073 at *9-10 (accord). *Cf. Obusek*, 72 F.3d at 1154 (to satisfy Article III's case or controversy requirement, an action must present (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a

REDACTED VERSION – PUBLICLY FILED

concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution).

### 1.     There Is No Reasonable Apprehension Of An Infringement Suit.

A party may not seek a declaration of noninfringement, invalidity or unenforceability unless the defendant objectively has a "reasonable apprehension that it will face an infringement suit." *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1398 (Fed. Cir. 1984); *Biacore*, 79 F. Supp. 2d at 453. Nucleonics essentially argues that it should not even have to show apprehension, but if it does, reasonable apprehension exists because Benitec filed this action. (D.I. 110 at 16-18). The Court, however, should also consider that Benitec was the party to seek *dismissal* of this action.

Nucleonics' research activities are exempt from infringement liability because of § 271(e)(1) and the Supreme Court's interpretation of that provision in *Integra*. Nucleonics has nothing to fear from Benitec at this juncture. ████████████████████████████

████████████████████████████████████████████████████████████████████████

only bring new claims if Nucleonics files an application and obtains FDA approval for an infringing products or otherwise engages in infringing activities not otherwise permitted under the § 271(e)(1) exemption.

In the context of this case, any apprehension of suit that Nucleonics feels is of its own making and is not reasonable.

### 2.     Nucleonics Is Asking The Court To Improperly Provide An Advisory Opinion.

In an appropriate circumstance, a litigant can seek a declaratory judgment where the harm is threatened in the future. However, the plaintiff must demonstrate that the probability of

15

REDACTED VERSION – PUBLICLY FILED

that future event occurring is real and substantial, "'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"    *Obusek*, 72 F.3d at 1154 (citations omitted). Nucleonics has not met its burden.



    "An economic interest is not enough to create justiciability." *Aralac, Inc.*, 166 F.2d at 295. Generalized "uncertainty" in the marketplace is insufficient to create federal jurisdiction:

> [A]n "eagerness to expand without uncertainty does not empower this court to issue an advisory opinion as to validity of the defendant's patents. A case or controversy, to exist, must stem from the patentee's threatening or ominous conduct." . . . . . The controversy, if any, in this case exists in the future. This is a court of limited jurisdiction, and we regard the background threat of litigation too attenuated a basis for our exercise of jurisdiction over this issue.

*Carrot Components Corp. v. Thomas & Betts Corp.*, 1986 U.S. Dist. Lexis 29723 at *9-10 (D.N.J. 1986), quoting *Indium Corp. of America v. Semi-Alloys, Inc.*, 566 F. Supp. 1344, 1348 (N.D.N.Y. 1983). *See also Invensys Inc. v. Am. Mfg. Corp.*, 2005 U.S. Dist. Lexis 3961 at *20-

21 (E.D. Pa. Mar. 15, 2005) ("to establish that a declaratory judgment action which seeks to protect against a feared future event is ripe, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (citations and internal quotations omitted).

Despite Nucleonics' best efforts to try to create one, the requisite immediate and real prospect of a dispute with Benitec simply does not exist.



Whether or not a potentially infringing product could or would ever be offered for sale by Nucleonics would be sheer speculation now.[6]

The Federal Circuit has addressed the question of whether there is an actual controversy when a declaratory judgment is sought while the otherwise infringing product is in clinical trials and exempt under § 271(e)(1). In *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520 (Fed. Cir. 1992), defendant, Ventritex, had a medical device, a defibrillator, that was in clinical testing needed for FDA approval of the device. The plaintiff, Telectronics, filed a complaint seeking a declaratory judgment that upon FDA approval and the end of the § 271(e)(1) safe harbor, any making, offering for sale, or selling by Ventritex of its defibrillator device would infringe Telectronics' patents. The District Court granted summary judgment in favor of Ventritex because there was no actual controversy and the complaint sought an advisory opinion.

---

[6]    Nucleonics argues that any pre-safe harbor infringement would not be shielded under § 271(e)(1). Benitec is not and will not assert any such claim against Nucleonics.

The Federal Circuit affirmed. Telectronics argued that a justiciable controversy did exist. It pointed to testimony of Ventritex employees stating that no functional changes to the device were anticipated. *Id.* at 1526. Ventritex argued that the future infringement issue was not ripe for adjudication because (1) its device may never be approved by the FDA, and (2) even if approved, it may not be approved in its current state, because it is not uncommon for devices to be modified during the course of clinical testing. *Id.* The Federal Circuit agreed with the defendant that there was no case or controversy:

> At the commencement of the suit, Ventritex's device had only recently begun clinical trials, and was years away from potential FDA approval. Ventritex was prohibited by FDA regulations from distributing sales literature and soliciting orders. There was no certainty that the device when approved would be the same device that began clinical trials; product changes during testing are contemplated by statute, and Ventritex in fact did modify its device during clinical trials. Thus the district court could have correctly ruled that the case lacked sufficient immediacy and reality to meet the actual controversy requirement under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), and that it had no jurisdiction to hear the declaratory judgment count.

*Id.* at 1527 (citations omitted).

███████████████████████████████████████████████████

████████████    Nor is it a certainty that any product that does receive FDA approval would necessarily be within the scope of the claims of the '099 patent. Just as in *Telectronics Pacing*, this case lacks sufficient immediacy and reality of an actual dispute to support declaratory judgment jurisdiction.[7]

---

[7]    The decision in *Lang v. Pacific Marine and Supply Co., Ltd.*, 895 F.2d 761 (Fed. Cir. 1990), is to the same effect. A patentee brought suit against corporations that were manufacturing a vessel with a particular hull structure. The complaint alleged that, when finished, the vessel would infringe one or more patents and it sought a declaratory judgment of infringement. When suit was brought, the vessel was still being constructed and would not be completed for nine months. The District Court granted defendants' motion to dismiss for lack of jurisdiction, and the Federal Circuit affirmed. The Court noted that the vessel would not be

REDACTED VERSION – PUBLICLY FILED

In addition, Nucleonics' brief neglected to mention that on October 4, 2004, Nucleonics

publicly announced that it filed with the U.S. Patent and Trademark Office ("USPTO") a request

for reexamination of the '099 patent. (Ex. 1). Nucleonics request claimed that the patent-in-suit

is invalid on a number of different grounds. Having filed a request for reexamination by the

USPTO, there is no immediate and real need for this Court to hear and decide the same invalidity

grounds that Nucleonics has raised in the administrative forum.

3.    **Nucleonics' Vague References To Animal Work Is A Smokescreen And Does Not Create A Case Or Controversy.**



completed for nine months and that the accused infringers had not distributed sales literature,
prepared to solicit orders, or engaged in any activity indicating that the ship would soon be ready
for sea. The facts did not show a substantial controversy of sufficient immediacy and reality to
warrant the issuance of a declaratory judgment. *Id.* at 763-64. Here, ██████████████████
██████████████████████████████████████, there could be no
finding that there is an immediate and real dispute between the parties.

REDACTED VERSION – PUBLICLY FILED



Accordingly, no actual case or controversy exists, and this Court lacks subject matter jurisdiction to hear and decide any declaratory judgment claim or counterclaim that Nucleonics wants to assert relating to the '099 patent. Benitec's motion to dismiss without prejudice should be granted.

### III. THE COURT SHOULD EXERCISE ITS DISCRETION AND NOT HEAR A DISPUTE WITH BENITEC THAT NUCLEONICS IS TRYING TO CREATE.

"Simply because there is an actual controversy between the parties does not mean that the district court is required to exercise that jurisdiction. The [Declaratory Judgment] Act states that a court may grant declaratory relief." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813 (Fed. Cir.

REDACTED VERSION – PUBLICLY FILED

1996). *See also Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (Court may dismiss declaratory judgment action if its action is based on "a reasoned judgment whether the investment of time and resources will be worthwhile"); *Telectronics Pacing.*, 982 F.2d at 1527 (a decision not to hear a declaratory judgment action is within the Court's discretion unless "(1) it was clearly unreasonable, arbitrary or fanciful, (2) it was based on an erroneous conclusion of law, (3) the court's findings were clearly erroneous, or (4) the record contains no evidence upon which the court rationally could have based its decision."); *Invensys Inc.*, 2005 U.S. Dist. Lexis 3961 at *16 ("District courts have broad discretion in deciding whether to entertain declaratory judgment actions.").



In addition, Nucleonics' request for reexamination of that patent is pending in the USPTO. That reexamination could conceivably render the '099 patent invalid, without the involvement of this or any other court. Nucleonics sought the reexamination and it should not complain if this Court exercises its discretion and defers to the administrative remedy Nucleonics invoked. In fact, "Congressional intent similarly favors a district court's issuance of a stay in patent litigation pending the outcome of a reexamination proceeding" by the USPTO. *Applera*

REDACTED VERSION – PUBLICLY FILED

*Corp. v. Illumina,* Inc., 282 F. Supp. 2d 1120, 1129 (N.D. Cal. 2003). *See also Ethicon, Inc. v.*

*Quigg,* 849 F.2d 1422, 1428 (Fed. Cir. 1988) (a reexamination that does not lead to claim

amendment or cancellation "could still provide valuable analysis to the district court, which it

could consider in reaching its determination."); *Canady v. Erbe Elektromedizin GmbH,* 271 F.

Supp. 2d 64, 68 (D.D.C. 2002) ("courts often stay proceedings, such as in the instant case, to

wait for reexamination results that will simplify litigation by eliminating, clarifying, or limiting

the claims."); *GPAC, Inc. v. DWW Enterprises, Inc.,* 144 F.R.D. 60, 66 (D.N.J. 1992) (District

Court granted motion to stay pending the outcome of reexamination proceedings in the USPTO).

Accordingly, even assuming *arguendo* that there is an actual controversy, the Court

should exercise its discretion and not permit Nucleonics to seek a declaratory judgment.

## CONCLUSION

For the foregoing reasons, Benitec Australia Ltd. respectfully requests that the Court

grant its motion for voluntary dismissal of this action without prejudice, each party to bear its

own costs.

Dated: August 29, 2005                        Respectfully submitted,

                                              Young Conaway Stargatt & Taylor, LLP

                                              John W. Shaw (No. 3362)
                                              Karen E. Keller (No. 4489)
                                              The Brandywine Building, 17th Floor
                                              1000 West Street
                                              Wilmington, Delaware  19801
                                              (302) 571-6600
                                              kkeller@ycst.com

                                              *Attorneys for Plaintiff Benitec Australia Ltd.*

22

REDACTED VERSION – PUBLICLY FILED

Of Counsel:

Marc R. Labgold, Ph.D.
Kevin M. Bell
Scott A.M. Chambers. Ph.D.
PATTON BOGGS LLP
8484 Westpark Drive
McLean, Virginia 22102
(703) 744-8000

Richard J. Oparil
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000