Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENITEC AUSTRALIA LTD.,<br><br>                    Plaintiff,<br><br>        v.<br><br>NUCLEONICS, INC., a Delaware corporation,<br><br>                    Defendant. | Civil Action No. 04-174-JJF<br><br>FILED UNDER SEAL PURSUANT TO<br>PROTECTIVE ORDER |

**Nucleonics Sur-Reply In Opposition to Plaintiff**
**Benitec's Motion to Withdraw "Without Prejudice"**

Defendant Nucleonics files this Sur-Reply in furtherance of its Opposition to

plaintiff Benitec's motion to dismiss without prejudice.

Plaintiff Benitec's Reply brief does not and cannot deny that:

- Benitec sued Nucleonics for patent infringement;

- Benitec continues to believe that all of Nucleonics' activities are covered by Benitec's patent as a scientific matter;

- Benitec has <u>not</u> covenanted that it will not sue again – for past, present, <u>and</u> future acts of alleged infringement;[1]

- The Federal Circuit, in <u>Fort James</u>, held that once a patentee sues there <u>necessarily</u> exists jurisdiction over Declaratory Judgment counterclaims for invalidity – even if the infringement issue is completely resolved (which it is not here) – unless the patentee covenants not to sue for past, present <u>and</u> future infringement; and

- Present day veterinary work is not covered by the <u>Integra</u> safe harbor.

---

[1]    Benitec's footnote 6 of its Reply Brief purports to assure that it will not sue in certain very limited circumstances, but is ambiguous as to the phrase "pre-safe harbor infringement" and is entirely unrelated to future or present-day allegations of infringement.

Once a patentee sues alleging infringement, there <u>is</u> jurisdiction over a Declaratory Judgment counterclaim, period. That jurisdiction can only be divested by a full covenant not to sue. Benitec has not so covenanted. This case should continue.

### 1.   Benitec Argues Technicalities While Filing a Motion Prohibited by This Court's Order

In response to all this, plaintiff Benitec argues a technicality – that the Declaratory Judgment counterclaims that Nucleonics moved to add on February 16, 2005 were not actually added (the motion has not been ruled on) before Benitec sought to exit this case "without prejudice" on August 1, 2005. If we are to stand on technicalities, we note that Benitec's motion was filed in contravention of this Court's Order of March 21, 2005 (D.I. 104) that prohibited any further motion practice. Had Benitec abided by this Court's Order, it could not have brought its motion to dismiss prior to a ruling on the pending motion to amend to add counterclaims.

### 2.   Courts Liberally Permit Amendment to Add Counterclaims Where Justice Requires – Even Where A Rule 41(a)(2) Motion to Dismiss Has Been Filed

Courts have recognized that amendments to add counterclaims are liberally granted, even in the face of a motion to dismiss. The Rules liberally allow amendments to add counterclaims where Justice so requires. Fed.R.Civ.P. 15(a)[2] and 13(f).[3] Similarly, Rule 41(a)(2) dismissal is only granted where it will not work an injustice

---

[2]     "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; **and leave shall be freely given when justice so requires**".

[3]     "Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."

-2-

upon the defendant. Nucleonics' motion to amend should be granted and plaintiff's motion to dismiss denied because Nucleonics will be significantly harmed if this controversy is not resolved.

In <u>Blackman v. Hadron, Inc.</u>, 168 U.S.P.Q. 423 (E.D.N.Y. 1971), aff'd, 450 F.2d 781 (2d Cir. 1971), the Court granted a <u>cross-motion</u> to amend to add Declaratory counterclaims of patent invalidity. The cross-motion was filed <u>after</u>, and in response to, plaintiff's Rule 41(a)(2) motion to dismiss the case. The Court stated:

> It may well be that a genuine controversy would be lacking if plaintiffs were to stipulate that under no circumstances would they institute an action against Hadron ...

> In this case, there is not just a threat of litigation but an actual suit which demonstrates Blackman's intent to prevent Hadron from interfering with its patent ... Under these circumstances, defendant has a legitimate interest in seeking a declaratory judgment testing the validity of the patent. ...

> Generally, leave to amend is freely given, Rule 15(a), F.R.Civ.P.; <u>Foman v. Davis</u>, 371 U.S. 178, 83 S. Ct. 227 (1962), and plaintiffs have presented no persuasive reason why it should not be granted in this case.

The holding in <u>Blackman</u> is entirely consistent with the Federal Circuit's <u>Fort James</u> case, discussed extensively in Nucleonics' Opposition Brief (D.I. 110).

Please also see the holding in <u>Tomoegawa (U.S.A.), Inc. v. United States</u>, 763 F.Supp. 614 (Ct. Int.'l Tr. 1991), wherein the Court granted the defendant's allegedly late motion to amend to add counterclaims and denied plaintiff's motion to dismiss. Noting the liberal standards for allowing amendments under Rule 15, the Court further noted that Rule 41 dismissal is discretionary and not readily granted:

> The primary purpose of ... rule [41(a)(2)] is "to prevent dismissals which unfairly affect the other side . . . ." It is also intended "to protect the defendant from prejudice by plaintiff-instigated dismissals. . . ."

Tomoegawa (U.S.A.), Inc., 763 F. Supp. at 620-21 (citations omitted).[4]

    **3.**    **Benitec *Has* Accused Nucleonics'**
                   **Animal Work of Infringement In This Case –**
                   **Nucleonics Reasonably Apprehends Suit and**
                   **Jurisdiction Exists Over A Declaratory Judgment Action**

       Benitec does not contend that animal work is immune from charges of

infringement under the Integra safe harbor – and thus does not deny the infringement

threat (and controversy) hanging over Nucleonics with respect to current and imminent

animal work.

       Instead Benitec argues that any animal work that Nucleonics does is not within

Benitec's patent ownership rights.  This is directly contradicted by Benitec's own

statements in this case where it has accused Nucleonics' animal work of infringement:

> Nucleonics uses such **infringing constructs** in its basic
> research.  Nucleonics asserts on its website that it has
> successfully silenced "multiple endogenous and
> exogenous-genes" **in mice**…Moreover, Nucleonics
> presented data … that the company was using gene
> silencing constructs … **in rabbits**.

(Benitec Court Paper D.I. 34 at 6, which was previously attached to Nucleonics'

Opposition to this Motion to Dismiss D.I. 112 as Exh. 5).

       Benitec's argument that it cannot sue regarding animal work is also belied by its

Agreement with CSIRO.

**Redacted**

---

[4]     Benitec cites a 1960 Pennsylvania district court case, S.C.Johnson & Son, Inc. v.
Boe, 187 F. Supp. 517 (E.D. Pa. 1960), where a motion to dismiss was granted,
but fails to mention that the Pennsylvania court exercised its discretion to dismiss
only after noting the existence of a sister case in New York federal court that had
the same patent issues before it: "No harm will be done to anyone by dismissing
this suit and allowing the matter to be litigated in the New York District Court."
Id. at 520.  That is not our situation in this case.

-4-

# Redacted

(See Exh. 2 to Benitec's Reply Brief, D.I. 115, at 1824).

The patent-in-suit claims "animal" uses of the technology and Benitec has asserted it against Nucleonics' animal work in this very case.

Again, Nucleonics has a reasonable apprehension of suit — indeed it has been sued.

**4.    Nucleonics Has Been Sued and Reasonably Apprehends Suit From Plaintiff Benitec Regarding Future Human Work — There is No Covenant Not to Sue and Benitec Believes Its Patent Rights Cover All of Nucleonics' Work; Jurisdiction Exists**

Nucleonics has been sued for alleged patent infringement and is under a continuing threat of suit for future activities in human cells.  The key difference between this case and the cases cited by Benitec where jurisdiction is denied is that we do not deal with an unknown future product that may or may not be accused of infringement.  Here, we know that anything that Nucleonics chooses to pursue (regardless of what gene is to be silenced or what disease is to be cured) will be within the general genre of activity that Benitec insists — however incorrectly — its patent covers.  For this reason there is nothing speculative about the inevitable future charges of infringement that will be raised by Benitec.

That the Integra case may temporarily postpone this particular charge of infringement (but not the animal uses that allegedly infringe) does not remove

---

[5]    See Exh. 2 to Benitec's Reply Brief, D.I. 115, at B1831 identifying the '099 patent-in-suit as co-owned.

jurisdiction. Please see the discussion of this in Defendant Nucleonics' Opposition (D.I.

110) at pages 8, and 19-20 which cite cases that uphold Declaratory Judgment

jurisdiction where a temporary suspension of infringement litigation is all that is

promised; and consider Benitec's ominous foreshadowing statement in its Reply Brief

that "Nucleonics has nothing to fear from Benitec at this juncture." (Benitec Reply, D.I.

115 at 15). The cases require more than a temporary pause in the onslaught. Having

unleashed the litigation genie, Benitec cannot now avoid the consequences of a

counterclaim – all the while threatening Nucleonics' business from the sidelines, because

there is supposedly "nothing to fear at this juncture."

## CONCLUSION

For the foregoing reasons and those expressed in Defendant Nucleonics'

Opposition to Benitec's Motion to Dismiss Without Prejudice, Nucleonics prays that this

Court deny the Motion to Dismiss and permit this case to go forward so that a proper

resolution of the controversy can be had.

Dated: September 7, 2005

*/s/ Paul Crawford*
Paul E. Crawford, Esq. (#0493)
CONNOLLY, BOVE, LODGE
  & HUTZ
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

Dennis J. Mondolino
Jason A. Lief
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Attorneys for Nucleonics Inc.