IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENITEC AUSTRALIA LTD.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NUCLEONICS, INC., a Delaware corporation,<br><br>　　Defendant. | Civil Action No. 04-174-JJF |

**NUCLEONICS FIRST AMENDED ANSWER TO COMPLAINT**

Defendant Nucleonics Inc. ("Nucleonics") hereby answers the Complaint of Benitec Australia Ltd. ("Benitec") as follows. If an allegation is not specifically admitted, it is denied.

**Nature Of The Action**

1.　Admitted.

**Parties**

2.　Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 2 and accordingly denies such allegations.

3.　Admitted.

4.　Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 4 and accordingly denies such allegations.

5.   Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 5 and accordingly denies such allegations.

## Jurisdiction and Venue

6.   Admitted.

7.   Admitted as to Nucleonics. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 7 and accordingly denies such allegations.

8.   Admitted as to Nucleonics. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 8 and accordingly denies such allegations.

## Facts

9.   Admit that a purported copy of U.S. Patent No. 6,573,099 ("the Benitec patent") is attached to the Complaint as Exhibit A. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 9 and accordingly denies such allegations.

10.   Denied with respect to Nucleonics. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 10 and accordingly denies such allegations.

## COUNT 1 (Patent Infringement)

11.   Nucleonics incorporates its responses to paragraph 1-10 by reference.

12.   Denied.

13.   Denied.

14. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 14 and accordingly denies such allegations.

15. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 15 and accordingly denies such allegations.

16. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 16 and accordingly denies such allegations.

17. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 17 and accordingly denies such allegations.

18. Nucleonics is without knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 18 and accordingly denies such allegations.

19. Denied.

## First Affirmative Defense

20. Benitec has failed to state a claim upon which relief can be granted.

## Second Affirmative Defense

21. Nucleonics' activities fall within the "safe harbor" of 35 U.S.C. §271(e)(1) and are therefore exempt from infringement.

## Third Affirmative Defense

22. Nucleonics has not infringed any of the claims of the Benitec patent.

### Fourth Affirmative Defense

23.     The claims of the Benitec patent are invalid as anticipated under 35 U.S.C. §102.

### Fifth Affirmative Defense

24.     The claims of the Benitec patent are invalid as obvious under 35 U.S.C. §103.

### Sixth Affirmative Defense

25.     The claims of the Benitec patent are invalid for failing the enablement, best mode, and/or written description requirements of 35 U.S.C. §112(1)

### Seventh Affirmative Defense

26.     The claims of the Benitec patent are invalid for failing to satisfy the definiteness requirements of 35 U.S.C. §112(2).

### Eighth Affirmative Defense

27.     The claims of the Benitec '099 patent-in-suit are unenforceable due to inequitable conduct before the United States Patent and Trademark Office during the prosecution of the '099 patent which took place between 1998 and 2003.

28.     The U.S. patent application initially listed only Michael Graham as an inventor.

29.     Dr. Graham with deceptive intent submitted a false affidavit to the U.S. Patent Office stating that he was the sole inventor. He did not reveal other inventors.

30.     At least early as February 2000, Benitec and Dr. Graham knew or should have known that Drs. Wang and Waterhouse and perhaps others were also inventors of the patent-in-suit.

31. On or about July 2002, former employer of Michael Graham, the Commonwealth Scientific Industry Research Organisation (CSIRO) had filed papers in the Australian Patent Office stating that the counterpart to the U.S. '099 patent-in-suit had the wrong inventors and that Drs. Wang and Waterhouse of CSIRO were co-inventors and that Michael Graham had violated his agreements with CSIRO in seeking the patent.

32. Benitec never revealed to the U.S. Patent Office that Drs. Wang and Waterhouse were co-inventors during the U.S. prosecution that followed the Australian CSIRO Opposition.

33. Benitec never corrected Dr. Graham's wrongful Declaration that he was the sole inventor with respect to the true inventors at CSIRO.

34. Upon information and belief, the failure to reveal Drs. Wang and Waterhouse and perhaps others as true inventors was done with an intent to deceive.

35. Benitec never revealed to the U.S. Patent Office that the Australian counterpart application had been the subject of an inventorship dispute and never revealed the fact of the CSIRO Australian Opposition to the U.S. Patent Office.

36. Upon information and belief, the failure to reveal the CSIRO Australian Opposition was done with an intent to deceive.

37. Both the fact of Drs. Wang and Waterhouse's inventorship and the fact of the CSIRO Australian Opposition were material facts not provided to the U.S. Patent Office.

**Ninth Affirmative Defense**

38. Defendant Nucleonics repeats the allegations of paragraphs 27-35 above.

39. Benitec did not name the true and proper co-inventors Drs. Wang and Waterhouse of the patent-in-suit.

40. Upon information and belief, the failure to name co-inventors Wang and Waterhouse was done with deceptive intent.

41. The '099 Benitec patent-in-suit is invalid for improper inventorship pursuant to 35 U.S.C. § 116.

WHEREFORE, Nucleonics respectfully requests that the Court:

A. Dismiss this action with prejudice;

B. Enter judgement that Nucleonics' activities are exempt from infringement under 35 U.S.C. §271(e)(1).

C. Enter judgement that Nucleonics does not infringe any of the claims of the Benitec patent;

D. Enter judgement that the claims of the Benitec patent are invalid under 35 U.S.C. §§ 102, 103, 112(1) and/or 112(2); and or 116;

E. Enter judgement that the claims of the Benitec patent are unenforceable due to Benitec's inequitable conduct before the United States Patent and Trademark Office;

F. Enter judgement barring the relief requested in the Complaint, in whole or in part, under the doctrine of unclean hands;

G. Enter judgement that the case is exceptional and entitles Nucleonics to its reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

H. Award Nucleonics its costs and such other relief as this Court may deem just and appropriate.

## COUNTERCLAIMS

Defendant Nucleonics Inc. brings the following counterclaims against Plaintiff Benitec Australia Ltd.:

### Jurisdiction and Venue

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties.

2. This Court has jurisdiction over these counterclaims pursuant to Title 35 U.S.C. §§ 1331 and 1338(a).

3. A justiciable controversy exists between the parties hereto with respect to the validity, enforceability, scope and infringement of U.S. Patent No. 6,573,099 ("the '099 Patent").

### The Parties

4. Counterclaimant Nucleonics Inc. ("Nucleonics") is a Delaware corporation with its principal place of business in Malvern, Pennsylvania.

5. Upon information and belief, counterdefendant Benitec Australia Ltd. ("Benitec") is an Australian corporation that has brought suit in this Judicial District.

### Counterclaim for Declaration of Patent Noninfringement

6. Benitec has filed in this Court an infringement action to enforce the '099 Patent against Nucleonics. Nucleonics has denied that it has infringed or continues to infringe any claim of that patent. An actual controversy therefore exists between the parties.

7. Nucleonics incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 41 of the Answer and Affirmative Defenses above.

8. Nucleonics does not infringe the '099 patent, as set forth in paragraphs 21 and 22 of the Second and Third Affirmative Defenses *supra*.

9. Because Benitec maintains in this action and elsewhere that Nucleonics infringes the '099 Patent, a declaration of rights between the parties is both appropriate and necessary to establish that Nucleonics has not infringed and does not infringe any claims of the '099 Patent.

**Counterclaim for Declaration of Patent Invalidity Under 35 U.S.C. § 102**

10. Nucleonics incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 41 of the Answer and Affirmative Defenses above.

11. The '099 patent is invalid as anticipated under 35 U.S.C. § 102, as set forth in paragraphs 23 of the Fourth Affirmative Defense *supra*.

12. Because Benitec has asserted the '099 patent against Nucleonics, a declaration of rights between the parties is both appropriate and necessary to establish that the '099 patent is invalid and thus cannot be asserted against Nucleonics.

**Counterclaim for Declaration of Patent Invalidity Under 35 U.S.C. § 103**

13. Nucleonics incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 41 of the Answer and Affirmative Defenses above..

14. The '099 patent is invalid as obvious under 35 U.S.C. § 103, as set forth in paragraphs 24 of the Fifth Affirmative Defense *supra*.

15. Because Benitec has asserted the '099 patent against Nucleonics, a declaration of rights between the parties is both appropriate and necessary to establish that the '099 patent is invalid and thus cannot be asserted against Nucleonics.

**Counterclaim for Declaration of Patent Invalidity Under 35 U.S.C. § 112(1)**

16. Nucleonics incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 41 of the Answer and Affirmative Defenses above.

17. The '099 patent is invalid for failing the enablement, best mode, and/or written description requirements under 35 U.S.C. § 112(1), as set forth in paragraphs 25 of the Sixth Affirmative Defense *supra*.

18. Because Benitec has asserted the '099 patent against Nucleonics, a declaration of rights between the parties is both appropriate and necessary to establish that the '099 patent is invalid and thus cannot be asserted against Nucleonics.

**Counterclaim for Declaration of Patent Invalidity Under 35 U.S.C. § 112(2)**

19. Nucleonics incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 41 of the Answer and Affirmative Defenses above.

20. The '099 patent is invalid as failing to meet the definiteness requirement under 35 U.S.C. § 112(2), as set forth in paragraphs 26 of the Seventh Affirmative Defense *supra*.

21. Because Benitec has asserted the '099 patent against Nucleonics, a declaration of rights between the parties is both appropriate and necessary to establish that the '099 patent is invalid and thus cannot be asserted against Nucleonics.

**Counterclaim for Declaration of Patent Invalidity Under 35 U.S.C. § 116**

22. Nucleonics incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 41 of the Answer and Affirmative Defenses above.

23. The '099 patent is invalid for failing to name the correct inventors, as set forth in paragraphs 1 through 41 of the Answer and Affirmative Defense *supra*.

24. Because Benitec has asserted the '099 patent against Nucleonics, a declaration of rights between the parties is both appropriate and necessary to establish that the '099 patent is invalid and thus cannot be asserted against Nucleonics.

### Counterclaim for Declaration of Patent Unenforceability

25. Nucleonics incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 41 of the Answer and Affirmative Defenses above.

26. The '099 patent is invalid for failing to identify the correct inventors to the U.S. Patent Office, and failing to inform the U.S. Patent office that issues relating to inventorship had arisen during prosecution of the Australian counterpart to the U.S. '099 patent in suit, as set forth in paragraphs 1 through 41of the Answer and Affirmative Defense *supra*.

27. Because Benitec has asserted the '099 patent against Nucleonics, a declaration of rights between the parties is both appropriate and necessary to establish that the '099 patent is unenforceable and thus cannot be asserted against Nucleonics.

### Prayer for Relief

WHEREFORE, Nucleonics respectfully requests that the Court:

A.   Dismiss this action with prejudice;

B.   Enter judgement declaring that Nucleonics' activities are exempt from infringement under 35 U.S.C. §271(e)(1).

C.   Enter judgement declaring that Nucleonics does not infringe any of the claims of the Benitec patent;

D.   Enter judgement declaring that the claims of the Benitec patent are invalid under 35 U.S.C. §§ 102, 103, 112(1), 112(2), and or 116;

382024                                    10

E.  Enter judgement declaring that the claims of the Benitec patent are unenforceable due to Benitec's inequitable conduct before the United States Patent and Trademark Office;

F.  Enter judgement barring the relief requested in the Complaint, in whole or in part, under the doctrine of unclean hands;

G.  Enter judgement that the case is exceptional and entitles Nucleonics to its reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

H.  Award Nucleonics its costs and such other relief as this Court may deem just and appropriate.

Respectfully submitted,

Dated: February 16, 2005

Paul E. Crawford, Esq. (#0493)
CONNOLLY, BOVE, LODGE
  & HUTZ
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141

Dennis J. Mondolino
Jason A. Lief
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000

Attorneys for Nucleonics Inc.